J-S35037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCIS GALLO, | |
| Appellant | No. 62 EDA 2015 |

Appeal from the Judgment of Sentence October 8, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0001793-2014

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 02, 2015**

Appellant, Francis Gallo, appeals from the judgment of sentence imposed after the revocation of his probation.[1]  Appellant's counsel seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We quash and deny counsel's application to withdraw as moot.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the court's denial of his post-sentence motion.  (**See** Notice of Appeal, 12/31/14, at 1).  However, an appeal properly lies from the judgment of sentence.  **See Commonwealth v. Rojas**, 874 A.2d 638, 642 (Pa. Super. 2005).  We have amended the caption accordingly.

On March 28, 2014, Appellant entered a negotiated guilty plea to one count of possession of marijuana.[2]  While serving his twenty-four month probationary sentence, (*see* Guideline Sentence Form, 4/11/14, at 1), Appellant failed to report, and tested positive for morphine and oxycodone. (*See* Request for Bench Warrant, 6/13/14, at 1).  At his October 8, 2014 *Gagnon II*[3] hearing, he stipulated to the probation violation.  (*See* N.T. *Gagnon II* Hearing, 10/08/14, at 3).  The same day, the court adopted Adult Probation's recommendation and imposed a sentence of not less than nine nor more than twenty-three months' incarceration, plus drug and alcohol evaluation, and community service.  (*See id.* at 4, 9; *see also* Judgment of Sentence, 10/08/14, at 1).  On December 9, 2014, the court denied Appellant's *nunc pro tunc* post-sentence motion.  Appellant filed a notice of appeal on December 31, 2014.  On March 12, 2015, counsel filed an application to withdraw and an *Anders* brief on the basis that the appeal is frivolous.[4]

Preliminarily, we must address this appeal's timeliness.  As this Court recently stated:

> Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures

---

[2] 35 P.S. § 780-113(a)(16).

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[4] Appellant did not respond to counsel's application to withdraw.

and appeals. ***See*** Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). ***See*** Pa.R.Crim.P. 720 *Comment.* Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. **The filing of a motion to modify sentence will not toll the 30–day appeal period.**" Pa.R.Crim.P. 708(E) (emphasis added). Rule 708 makes clear Rule 720 does not apply to revocation cases. ***Id. Comment.*** ***See also Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (internal citation omitted) (stating: "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is [imposed], regardless of whether . . . she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied").

Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. This Court can raise the matter *sua sponte,* as the issue is one of jurisdiction to entertain the appeal. Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal.

***Commonwealth v. Burks***, 102 A.3d 497, 499 (Pa. Super. 2014) (some case citations omitted).

Here, the court revoked Appellant's probation and resentenced him on October 8, 2014. Although Appellant filed a post-sentence motion *nunc pro tunc* on November 5, 2014, this did not toll the thirty-day appeal period. ***See id.*** Therefore, Appellant had until November 7, 2014 to file an appeal,

regardless of the post-sentence motion.[5]  However, he did not file his notice of appeal until December 31, 2014.

Therefore, Appellant's failure to file his notice of appeal within thirty days of the sentence imposed after the probation revocation divested this Court of appellate jurisdiction.  **See id.**  Accordingly, we quash this appeal as untimely.

Appeal quashed.  Counsel's application to withdraw denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015

_____

[5] Counsel advised Appellant at sentencing that he had thirty days from the date of sentencing to file a notice of appeal.  (**See** N.T. Hearing, 10/08/14, at 9).

- 4 -