J-S35032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EMMETT W. COLEMAN, | : | |
| | : | |
| Appellant | : | No. 2044 EDA 2015 |

Appeal from the Judgment of Sentence April 1, 2015
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s): CP-46-CR-0006463-2010

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E. and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                         **FILED JUNE 28, 2016**

Emmett W. Coleman ("Coleman") appeals from the judgment of sentence imposed following the revocation of his parole.  Additionally, Coleman's counsel, Henry Hilles, III, Esquire ("Attorney Hilles"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  We dismiss the appeal and deny Attorney Hilles's Petition to Withdraw as moot.

The trial court set forth the relevant procedural history as follows:

> On March 15, 2011, [Coleman] pled guilty to one count of retail theft and was sentenced to time served to twenty-three months of incarceration, with a consecutive period of two years of probation.  [Coleman] was paroled from prison on March 21, 2011.

> Subsequently, [Coleman] violated his parole.  On June 7, 2011, [Coleman] admitted to technical parole violations and was resentenced.  [Coleman] was paroled on June 28, 2011.  He again violated the terms of his parole by failing to report on July 26, 2011.

[Coleman] admitted to the second violation of his parole on February 22, 2012. On the same day, he was sentenced to serve the balance of his sentence. For the third time, [Coleman] was made eligible for re-parole.

On February 24, 2012, [Coleman's] request for parole was granted. On October 19, 2012, [Coleman] was arrested by Philadelphia Police for robbery, burglary and criminal trespass [(hereinafter "the Philadelphia charges")]. The Philadelphia charges are the basis for [Coleman's] present parole violation.

[Coleman] was eventually convicted of the Philadelphia charges. Subsequently, th[e trial c]ourt held a contested **Gagnon II**[1] hearing on January 15, 2015. At the hearing, th[e trial c]ourt determined that [Coleman] violated the terms of his parole.

Trial Court Opinion, 8/11/15, at 1-2 (footnote added, some capitalization omitted).

On April 1, 2015, the trial court conducted a sentencing hearing ("the Sentencing Hearing"), wherein Coleman was represented by an attorney from the Public Defender's Office. The trial court sentenced Coleman to a "time served" sentence of one to two years in prison, to run from October 23, 2012, to the date of sentencing. This sentence was to run concurrently with the sentence of 19 to 60 months in prison that Coleman was serving for the Philadelphia charges.

After sentencing, Coleman terminated the services of his attorney by *pro se* correspondence that Coleman had dated April 3, 2015. By separate *pro se* correspondence bearing the same date, Coleman requested the trial

---

[1] **See Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (holding that due process requires that a probationer/parolee be given preliminary (**Gagnon I**) and final (**Gagnon II**) hearings prior to revoking probation/parole).

court to (1) order the preparation of copies of the Sentencing Hearing transcript; and (2) issue a ruling on Coleman's purported post-sentence motion.[2] By an Order dated May 11, 2015, the trial court denied Coleman's "post sentence motion."[3] Coleman then filed a *pro se* Notice of Appeal, while he was in state prison. The Notice of Appeal was postmarked as being mailed from the prison on June 4, 2015.[4]

In August 2015, Coleman filed an application with this Court seeking the appointment of new counsel. This Court deferred the matter to the trial court, which thereafter granted relief and appointed Attorney Hilles to represent Coleman on appeal.[5] In January 2016, Attorney Hilles filed with

---

[2] We observe that no such motion is contained in the certified record or listed on the trial court's docket. Attorney Hilles maintains that the purported motion was filed on April 29, 2015. **See Anders** Brief at 9.

[3] In the Order, the trial court informed Coleman that he had the right to appeal within 30 days of entry of his **judgment of sentence**, and to the assistance of counsel if appealing *in forma pauperis*. However, Coleman was not advised at the Sentencing Hearing of his appeal rights.

[4] Though the Notice of Appeal was not filed with the clerk of courts until June 18, 2015, the trial court properly deemed the date of filing as June 4, 2015, the date the prison authorities postmarked the mailing. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (stating that the "prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." (citation omitted)); **see also** Trial Court Opinion, 8/11/15, at 3 n.1.

[5] The trial court did not order Coleman to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

this Court an **Anders** Brief[6] and Petition to Withdraw as counsel, opining that Coleman's appeal was untimely and that the issue Coleman wished to raise on appeal is wholly frivolous. Subsequently, the trial court issued a Pa.R.A.P. 1925(a) Opinion determining that Coleman's appeal must be dismissed as untimely filed.

This Court lacks jurisdiction to consider untimely appeals from a probation/parole revocation sentence. **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014); **see also Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007) (stating that "[j]urisdiction is vested in the Superior Court upon the filing of a timely notice of appeal."). A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." **Burks**, 102 A.3d at 500.

This Court has explained that

---

[6] Attorney Hilles states in his Brief that Coleman wishes to raise the following issue on appeal:

> Did the Honorable Trial Court err by imposing a judgment of sentence in connection with a probation revocation proceeding (on April 1, 2015), 13½ months following a December 2, 2013 criminal conviction [that] caused the probation violation, on a theory that [Coleman] was denied a speedy revocation proceeding[,] in violation of Pennsylvania Rule of Criminal Procedure 708(B)?

**Anders** Brief at 2.

Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures and appeals. *See* Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). *See* Pa.R.Crim.P. 720 Comment. Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E) []. Rule 708 makes clear Rule 720 does not apply to revocation cases. *Id.* Comment[; *s*]*ee also* ***Commonwealth v. Parlante***, 2003 PA Super 169, 823 A.2d 927, 929 (Pa. Super. 2003) (internal citation omitted) (stating: "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal [his or] her sentence from the day [the] sentence is [imposed], regardless of whether … [he or] she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify [his or] her revocation sentence, [the appellant] does not receive an additional 30 days to file an appeal from the date [the] motion is denied").

***Burks***, 102 A.3d at 499-500 (emphasis omitted).

Here, the trial court revoked Coleman's parole and resentenced him on April 1, 2015. Coleman did not file his *pro se* Notice of Appeal until June 4, 2015, 34 days after the expiration of the 30-day period for filing an appeal from the judgment of sentence, and after having discharged his counsel. Coleman's purported filing of a post-sentence motion did not toll the appeal period. *See* Pa.R.Crim.P. 708(E). Moreover, the record contains no evidence of extraordinary circumstances that might excuse Coleman's untimely filing. ***See Burks***, 102 A.3d at 500 (observing that an extension of the filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in the court's operation).

Based upon the foregoing, Coleman's failure to file his Notice of Appeal within thirty days of the entry of his judgment of sentence divested this Court of appellate jurisdiction, and we must therefore dismiss the appeal as untimely filed. ***Id.*** Additionally, we deny Attorney Hilles's Petition to Withdraw as moot.

Petition to Withdraw as counsel denied as moot; appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016