J-S79007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARILYN KENT | : | |
| | : | |
| Appellant | : | No. 3846 EDA 2016 |

Appeal from the Judgment of Sentence September 16, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-SA-0000247-2016

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                                    **FILED MARCH 06, 2018**

Marilyn Kent appeals from the judgment of sentence imposed September 16, 2016, in the Bucks County Court of Common Pleas.  The trial court sentenced Kent to two consecutive terms of 90 days' probation following her summary conviction of two citations for cruelty to animals.[1]  On appeal, she challenges the weight and sufficiency of the evidence supporting her convictions.  For the reasons below, we quash this appeal as untimely filed.

The facts and procedural history underlying this appeal are well-known to the parties, and recounted in both the trial court's opinion and an unpublished decision of this Court in a prior appeal.  *See* Trial Court Opinion, 8/4/2017, at 1-8; *Commonwealth v. Kent*, 144 A.3d 211 (Pa. Super. 2016)

---

[1] Kent was convicted under 18 Pa.C.S. § 5511(c)(1), the statute in effect from August 13, 2012 until September 7, 2015.  Effective August 28, 2017, that statute was repealed and renumbered 18 Pa.C.S. §§ 5531-5561.

(unpublished memorandum at 1-2). Therefore, we need not reiterate them in detail herein. In summary, Kent was convicted in the Bucks County Magisterial District Court of two citations for cruelty to animals. Her attempt to appeal those summary convictions to the Bucks County Court of Common Pleas was thwarted when the clerk of courts neglected to docket her notice of appeal. **See Kent**, **supra**, 144 A.3d 211 (unpublished memorandum at 1). After the trial court denied her request for *nunc pro tunc* relief, Kent sought redress before a panel of this Court, which reversed the order of the trial court and remanded for further proceedings. **See id.** (unpublished memorandum at 3-4).

Upon remand, Kent perfected her appeal to the trial court, and a summary trial *de novo* was conducted on September 16, 2016. At the conclusion of the hearing, during which Kent was represented by counsel, the court found Kent guilty of both charges.[2] Kent was immediately sentenced to a 90-day period of probation on each citation, for a total of 180 days.[3] The

---

[2] The court determined Kent both abused her dog and also failed to provide it with appropriate veterinary care. **See** N.T., 9/16/2016, at 84.

[3] The court also directed Kent to pay restitution in the amount of $1,856.00 to the Bucks County SPCA, as well as forfeit ownership of her dog to the SPCA.

court specifically instructed Kent she had 10 days to file post-disposition motions, and 30 days to file an appeal.[4] *See* N.T., 9/16/2016, at 87.

On October 21, 2016, Kent filed an untimely, *pro se* notice of appeal, and request to proceed in *forma pauperis*.[5] On the notice of appeal, Kent stated she was appealing "from the Order of September 23, 2016." Notice of Appeal, 10/21/2016. When an initial review revealed no order docketed on that date, this Court, on December 27, 2012, issued Kent a Rule to Show Cause, directing her to explain within 10 days, "why the appeal should not be quashed as having been taken from a purported order which is not entered upon the appropriate docket of the lower court." Order, 12/27/2016. Kent filed a *pro se* response on February 16, 2017, in which she stated she

_____

[4] We note the trial court misinformed Kent regarding her right to file post-disposition motions. Pennsylvania Rule of Criminal Procedure 720 states, in relevant part:

> (D) Summary Case Appeals. There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal.

Pa.R.Crim.P. 720(D). Nevertheless, as will be discussed *infra*, because Kent did not attempt to file a post-disposition motion, we find the court's erroneous statement to be a non-issue.

[5] Because the 30th day following imposition of her sentence - October 16, 2016 - fell on a Sunday, Kent had until Monday, October 17, 2016, to file a timely appeal. *See* 1 Pa.C.S. § 1908. However, Kent did not file her appeal until four days later.

"assumed the problem was with the Docket#" and asserted her innocence of the crimes charges.  Response to Rule to Show Cause, 2/16/2017, at 2.

Subsequently, this Court became aware that Kent was still represented by counsel, since her private trial attorney had not filed a petition to withdraw. Consequently, this Court issued a second Rule to Show Cause to Kent's attorney on February 27, 2017.  The order directed the Superior Court Prothonotary to amend the docket to reflect Kent was represented by counsel, and forward to counsel all of Kent's *pro se* filings.  Further, the order directed counsel to (1) file an amended notice of appeal, since Kent's *pro se* notice listed the incorrect docket number; and, (2) show cause why the appeal filed on October 21, 2016, should not be quashed as untimely.  Both counsel and Kent filed amended notices of appeal reflecting the correct docket number. Moreover, on March 10, 2017, counsel responded to the Court's show cause order by stating the following:  (1) after trial, he advised Kent that he did not believe there was any "substantive basis upon which he could [have] file[d] an appeal[;]" (2) thereafter, Kent "took into her possession her legal file[;]" (3) after receipt of the show cause order, counsel met with Kent on March 7, 2017; and (4) Kent "advised [c]ounsel that she did not timely file an appeal prior to October 16, 2016 because she suffers from chronic acute asthma[.]" Response to Show Cause Order, 3/8/2017, at 2.  Counsel attached to his response a purported letter from Kent's doctor, dated February 4, 2014, which states Kent has been diagnosed with asthma.  **See id.** at Exhibit.  Thereafter, on June 30, 2017, the trial court entered an order directing Kent to file a

concise statement of errors complained of on appeal within 21 days, pursuant to Pa.R.A.P. 1925(b). Kent filed an untimely concise statement on August 2, 2017.[6]

Preliminarily, we note the Commonwealth contends this appeal should be quashed as untimely filed. **See** Commonwealth's Brief at 9-10. We agree.

It is axiomatic that an appeal from a summary conviction following a trial *de novo* must be filed within 30 days following the imposition of sentence. **See** Pa.R.Crim.P. 720; Pa.R.A.P. 903(a). Here, Kent was immediately sentenced following the trial *de novo* on September 16, 2016. Therefore, she had until October 16, 2016, to file a timely notice of appeal. Her appeal, filed on October 21, 2016, was manifestly untimely.

"Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal." **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014). This Court has explained that such extraordinary circumstances may include "a court holiday or closing or a breakdown in the operations of a court, which might excuse [an] untimely filing." **Id.** (footnote omitted). **See Commonwealth v. Patterson**, 940 A.2d 493, 499 (Pa. Super. 2007) (declining to quash untimely appeal when trial court failed to advise

---

[6] The trial court requests we dismiss this appeal based upon Kent's untimely concise statement. **See** Trial Court Opinion, 8/4/2017, at 8-10. While we agree an appellant's failure to file a court-ordered concise statement in a timely manner waives all issues for appeal in a civil case, Rule 1925(c) mandates that, in a criminal, we must remand for the filing of a *nunc pro tunc* statement if we are "convinced that counsel has been *per se* ineffective." **See** Pa.R.A.P. 1925(c)(4). Because we find this appeal was untimely filed, we need not remand the case pursuant to Subsection 1925(c)(4).

appellant that, due to his late filing of post-sentence motion, he had to file an appeal within 30 days of sentencing), *appeal denied*, 960 A.2d 838 (Pa. 2008); **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003) (declining to quash untimely appeal when clerk of courts did not enter an order reflecting post-sentence motion was denied by operation of law); **Commonwealth v. Coolbaugh**, 770 A.2d 788, 790-791 (Pa. Super. 2001) (declining to quash untimely appeal, filed within 30 days of order denying post-sentence motion following revocation of probation, when trial court misstated the appeal period; in revocation cases, filing of post-sentence motion does not extend appeal period).

We find no such circumstances were present in this case. Here, after finding imposing sentence on the summary citations, the trial court instructed Kent regarding her post-sentence rights as follows:

> You have 10 days to file post disposition motions and 30 days to file an appeal to the Superior Court. You have the right to be represented by counsel. The public defender's office is available. The Bucks County Bar Association has a panel of attorneys who will take criminal cases at a reduced rate. You have the right to proceed without counsel. That's all.

N.T., 9/16/2016, at 87. As noted *supra*, the court incorrectly stated Kent could file post-dispositional motions following her summary trial *de novo*. **See** Pa.R.Crim.P. 720(D). Nevertheless, the court **correctly** informed Kent she had 30 days to file an appeal to this Court. **Id.** This was a correct statement of the applicable appeal period. This case does not present a situation in which Kent attempted to extend her appeal period by filing a post-disposition

- 6 -

motion, based on the court's instruction. Rather, Kent simply filed an untimely appeal. Indeed, the only explanation counsel provided for the untimely filing is Kent's claim that she suffers from chronic asthma, supported by a letter from her doctor dated **two years before** the appeal period herein.

Accordingly, because our review reveals no extraordinary circumstance or breakdown in the court's operation that caused Kent to file an untimely appeal, we are constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/18