J-A05010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KELVIN OUTLAW, | : | |
| | : | |
| Appellant | : | No. 2247 EDA 2016 |

Appeal from the Judgment of Sentence November 8, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0201501-2006

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                                    **FILED MAY 16, 2018**

Appellant, Kelvin Outlaw, appeals from the Judgment of Sentence entered following the revocation of his probation.[1]  For the reasons discussed below, we quash this appeal.

We summarize the relevant facts, as gleaned from the certified record and the lower court's Pa.R.A.P. 1925(a) Opinion, as follows.  On May 15, 2006, Appellant entered a guilty plea at docket No. CP-51-CR-0201501-2006

---

[1] Appellant purports to appeal from the Order denying his Motion for Reconsideration after the reinstatement of his rights *nunc pro tunc*.  In the criminal context, an appeal properly lies from the Judgment of Sentence, not an order denying post-sentence motions. ***Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).  We have changed the caption accordingly.

---

* Former Justice specially assigned to the Superior Court.

to one count each of Forgery and Bad Checks.[2]  That same day, the trial court imposed the negotiated sentence of three years' probation.

While serving his probationary sentence under the trial court's supervision, Appellant committed several technical violations of his supervision, resulting in one revocation on May 23, 2007, and a new sentence of six to twelve months' incarceration, followed by three years' probation.

While serving this probationary sentence, Appellant was arrested in September 2009 and charged with, *inter alia*, Burglary, Robbery, Impersonating a Public Servant, and Indecent Assault.[3]  On July 21, 2011, the VOP court conducted a hearing pursuant to **Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973) (holding that it is constitutionally permissible to hold a revocation hearing following the arrest on new charges but prior to the resolution of the new charges).

The Commonwealth presented evidence regarding two criminal incidents: (1) on July 12, 2009, while impersonating a police officer, Appellant groped a woman's breast while performing a "stop and frisk" and then took money from her pocket; and (2) on September 15, 2009,

---

[2] 18 Pa.C.S. § 4101 and 18 Pa.C.S. § 4105, respectively.

[3] 18 Pa.C.S. § 3502; 18 Pa.C.S. § 3701; 18 Pa.C.S. § 4912; and 18 Pa.C.S. § 3126, respectively.

Appellant impersonated an undercover police officer while inside a Philadelphia police station and entered a secure area marked "police only."

Following the hearing, the VOP court revoked Appellant's probation.[4] On November 8, 2011, the VOP court sentenced Appellant to a term of 3½ to 7 years' incarceration, with credit for time served. Appellant did not file a Post-Sentence Motion or a Notice of Appeal.

On August 22, 2012, Appellant filed a *pro se* PCRA Petition alleging VOP counsel's ineffectiveness. The PCRA court appointed counsel, who filed an Amended PCRA Petition on November 5, 2014, alleging VOP counsel's ineffectiveness for failure to file a requested Post-Sentence Motion and direct appeal.

On January 21, 2016, the PCRA court held an evidentiary hearing, at which Appellant, his sister, and his VOP counsel testified.[5] On February 9, 2016, the PCRA court entered an Order reinstating Appellant's post-sentence and appeal rights *nunc pro tunc*. The court's February 9, 2016 Order stated: "[Appellant] has the choice whether to file a Motion to Reconsider Sentence within ten (10) days of this Order or to proceed directly to Notice of Appeal."

---

[4] The VOP court ordered a new Pre-Sentence Investigation Report and deferred sentencing.

[5] Appellant participated by video from state prison.

Order of Court, 2/9/16. Appellant, thus, had until February 19, 2016, to file a post-sentence motion, and March 10, 2016, to file a notice of appeal.[6]

On February 25, 2016, Appellant filed an untimely Motion for Reconsideration of Sentence. On June 27, 2016, the motion was denied by operation of law.

On July 14, 2016, Appellant filed a Notice of Appeal. The VOP court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors. The court filed a Pa.R.A.P. 1925(a) Opinion defending (1) the decision to grant Appellant's PCRA Petition and reinstate his appellate rights *nunc pro tunc*, and (2) the denial of Appellant's Motion for Reconsideration of Sentence.[7]

Appellant presents one issue for our review:

> Whether the [t]rial [c]ourt abused its discretion with the harsh and unreasonable sentence given to the Appellant after [r]evocation of [p]robation[?]

Appellant's Brief at 8.

Prior to addressing the merit of this claim, we must decide if it is properly before us. Although neither party raises the issue, the "[t]imeliness of an appeal is a jurisdictional question." ***Commonwealth v. Pena***, 31

---

[6] ***See*** Pa.R.A.P. 903(a) and Pa.R.Crim.P. 708(E), ***infra***.

[7] The court did not acknowledge or address the untimeliness of Appellant's Motion for Reconsideration of Sentence and his Notice of Appeal. In the same Opinion, the court addressed both Appellant's instant appeal and the Commonwealth's appeal, which the Commonwealth later discontinued.

A.3d 704, 706 (Pa. Super. 2011). Therefore, it may be raised *sua sponte*. ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa. Super. 2001).

A criminal appeal properly lies from the Judgment of Sentence, not an order denying post-sentence motions. ***Dreves***, 839 A.2d at 1125 n.1. Our Rules of Appellate Procedure mandate that the notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). When appellate rights are reinstated *nunc pro tunc*, the clock runs from the day the rights were reinstated. ***Commonwealth v. Wright***, 846 A.2d 730, 734-35 (Pa. Super. 2004).

Our Rules of Criminal Procedure provide that the filing of a motion to modify sentence following a revocation hearing does not toll the 30-day appeal period unless the trial court expressly grants reconsideration. Pa.R.Crim.P. 708(E), Comment; ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014). Time limitations on filing appeals are strictly construed. ***Burks***, 102 A.3d at 500. Further, "[w]hen a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." ***Pena***, ***supra*** at 706.

Here, the PCRA court reinstated Appellant's appeal rights on February 9, 2016. As noted above, Appellant, thus, had until February 19, 2016, to file his Post-Sentence Motion and March 10, 2016, to file his Notice of Appeal. Appellant's filing of his Post-Sentence Motion on February 25, 2016 was untimely. Moreover, the filing of his Post-Sentence Motion did not toll

the appeal period. Thus, his Notice of Appeal filed July 14, 2016, was untimely as it was filed over 4 months after the reinstatement of his rights.

The record contains no evidence of extraordinary circumstances such as a court holiday or closing or a breakdown in the operations of the court, which might excuse Appellant's untimely filing.

Based on the foregoing, we conclude that the present appeal is untimely. As such, we lack jurisdiction over this appeal and must, therefore, quash. *See Burks*, 102 A.3d at 500.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/16/18