J-A09018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD FRANCIS BOONE :
:
Appellant : No. 3227 EDA 2018

Appeal from the Judgment of Sentence Entered July 23, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-SA-0000088-2018

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 15, 2019**

Richard Francis Boone (Appellant) appeals *pro se* from the judgment of sentence imposed following his *de novo* hearing and conviction of exceeding the speed limit, 75 Pa.C.S.A. § 3362(a).[1]  Upon review, we quash the appeal.

Appellant filed his notice of appeal one-day late, on August 23, 2018. In response to this Court's January 9, 2019 rule to show cause as to why the appeal should not be quashed as untimely, Appellant indicated that his notice of appeal was not untimely because he filed with the trial court a request to proceed *in forma pauperis* and to appeal *nunc pro tunc* on August 8, 2018. Response, 1/18/19.  By order dated February 4, 2019, this Court discharged

---

[1] The trial court ordered Appellant to pay a $35.00 fine and court costs.

---

*   Retired Senior Judge assigned to the Superior Court.

the rule to show cause and referred the issue to the merits panel. As the matter is presently before us, we repeat:

> Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. . . . Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal.

*See Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014) (citations omitted). Here, as in *Burks*, there are no extraordinary circumstances. The trial court advised Appellant at sentencing on July 23, 2018, and again on August 16, 2018 when it denied Appellant's requests to proceed *in forma pauperis* and file his appeal *nunc pro tunc*, that Appellant had 30 days in which to file his appeal. *See* Pa.R.Crim.P. 720; Pa.R.A.P. 903(a). Thus, we lack authority to excuse Appellant's untimely filing.

Further, although the trial court did not impugn Appellant's failure to file a timely notice of appeal, it declined to issue an opinion based on Appellant's failure to file a Rule 1925(b) statement as ordered on August 30, 2018. *See* Trial Court's Pennsylvania Rule of Appellate Procedure 1925(a) Statement, 9/27/18 (stating that Appellant "waived any issues he sought to raise on appeal, pursuant to Pa.R.A.P 1925(b)(4)(vii)."). We agree with the trial court.

Finally, our appellate review is impeded by the many defects in Appellant's brief, in which it appears that Appellant is attempting to re-litigate his speeding conviction with reference to unsupported facts, and no legal argument or citation to statutory authority or case law. In addition to lacking a coherent legal argument, Appellant's brief is wholly noncompliant with

Pennsylvania Rule of Appellate Procedure 2111(a) (prescribing the content and sections of the appellant's brief, "separately and distinctly entitled").

It is well-settled that appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash an appeal if the defects in the brief are substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101. Pennsylvania Rule of Appellate Procedure 2119(a) instructs that an appellant's "argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent." "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Sanford*, 445 A.2d 149, 150 (Pa. Super. 1982).

Although we are willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit, and *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003).

For the above reasons, we are precluded from conducting appellate review and quash the appeal.

Appeal quashed. Case stricken from the argument list. Jurisdiction relinquished.

J-A09018-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/19