J-S81006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL HENRY BRAYMAN | |
| Appellant | No. 1002 MDA 2018 |

Appeal from the Judgment of Sentence imposed March 13, 2018
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0001849-2017

BEFORE:  STABILE, J., DUBOW, J., and STEVENS,* P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2019**

Appellant, Daniel Henry Brayman, appeals from the judgment of sentence the Court of Common Pleas of Lackawanna County imposed on March 13, 2018.  Appellant challenges the discretionary aspects of his sentence. Because we have no jurisdiction over this untimely appeal, we quash it.

The relevant procedural background can be summarized as follows.  On March 13, 2018, the trial court sentenced Appellant to an aggregate term of 70 to 144 months' imprisonment, followed by 12 years of probation.  Appellant filed a motion for reconsideration on March 27, 2018.[1]  "[H]owever, it does

---

* Former Justice specially assigned to the Superior Court.

[1] It is uncontested that said motion was filed on March 27, 2018.  **See** Appellant's Brief at 6.  Despite the motion being facially untimely, Appellant did not address its timeliness or the trial court's comment about Appellant's failure to serve "properly" the motion on the trial court.  Trial Court Opinion, 8/9/18, at 4.

not appear it was properly served upon th[e trial court]. [Appellant] subsequently filed a new Petition for Reconsideration of Sentence Nunc pro Tunc on May 22, 2018, which was promptly denied by [the trial court] on May 24, 2018." Trial Court Opinion, 8/9/18, at 4. Appellant filed the instant appeal on June 15, 2018.

As explained below, we cannot address the merits of the instant appeal because we have no jurisdiction to entertain it due to its untimeliness. Because timeliness implicates our jurisdiction, we can raise a jurisdictional issue *sua sponte*. **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014).

> In cases where no post-sentence motions (or Commonwealth's motions to modify sentence) are filed, a defendant must file an appeal within 30 days of imposition of sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1).
>
> An untimely post-sentence motion does not toll the appeal period. **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*) ("[T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion.").

**Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).

Here, Appellant filed his post-sentence motion on March 27, 2018, or 14 days after imposition of sentence. Therefore, the untimely post-sentence

- 2 -

motion can toll the appeal period only if the trial court accepted it under its limited authority to allow the filing of a post-sentence motion *nunc pro tunc*.

> Under ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*), a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. "The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion." ***Id.*** at 1128-29. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. ***Id.*** at 1128 & n.6. "If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended." ***Id.*** at 1128. Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." ***Id.*** at 1129.

***Id.*** (emphasis in original).

Applying the above standards, we conclude Appellant's March 27, 2018 untimely post-sentence motion did not toll the appeal period. Thus, to be timely, Appellant was required to file the instant appeal within 30 days of the judgment of sentence. Having failed to do so, the instant appeal is untimely.

Additionally, ***Dreves*** does not apply because Appellant did not satisfy either prerequisite for *nunc pro tunc* relief. Regarding ***Dreves***' first prerequisite, Appellant's post-sentence motion included no explanation for the late filing, and he did not request the trial court to consider the motion *nunc pro tunc*. Regarding the second prerequisite, the trial court did not "expressly grant" *nunc pro tunc* relief. Indeed, not only did the trial court not expressly grant the post-sentence motion, but also it did not issue an order addressing

the post-sentence motion because, as noted above, Appellant did not properly serve it on the trial court.

As noted, on May 22, 2018, or 70 days after the imposition of sentence, Appellant filed a petition for reconsideration of sentence *nunc pro tunc*, which is similarly flawed. As with the first post-sentence motion, **Dreves** is not applicable to the second post-sentence motion because Appellant's May 22, 2018 post-sentence motion did not include an explanation for the late filing, and did not include a request to the trial court to consider the motion *nunc pro tunc*. Appellant merely included the words "nunc pro tunc" in the motion's title. However, it is well-established that "[m]erely designating a motion as 'post-sentence motion nunc pro tunc' is not enough." **Dreves**, 839 A.2d at 1128. Rather, the moving party must ask for *nunc pro tunc* relief and provide reasons to warrant it. Appellant did neither of these things here.

Regarding the second prerequisite, in response to the May 22, 2018 post-sentence motion, the trial court did not "expressly grant" *nunc pro tunc* relief. Rather, it denied it altogether. Additionally, we cannot construe either the May 24, 2018 order denying the motion or the trial court's Rule 1925(a) opinion in which the trial court addressed the merits of the appeal as an "express grant" of *nunc pro tunc* relief. **See Commonwealth v. Wright**, 846 A.2d 730, 734 (Pa. Super. 2004) ("the trial court's resolution of [defendant]'s belated post-sentence motion was no substitute for an order expressly restoring the right to file a post-sentence motion *nunc pro tunc*.").

Because Appellant's untimely post-sentence motion *nunc pro tunc* did not toll the appeal period, he needed to file his appeal within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(c)(3). Appellant was sentenced on March 13, 2018. He filed the instant appeal on July 18, 2014, or 94 days later. The appeal is therefore untimely.

Moreover, no extraordinary circumstances, for example, a breakdown in the court's operations, exist that might excuse Appellant's late filing. ***See Burks***, 102 A.3d at 500 (noting only extraordinary circumstances permit extension of time to file an appeal). Therefore, we must quash this appeal for lack of jurisdiction.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019