J-S61033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA
                                               :
                v.                              :
                                               :
                                               :
DAVID PHILLIP PIERGROSSI          :
                                               :
             Appellant                   :    No. 499 EDA 2018

Appeal from the PCRA Order January 9, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005014-2012

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                        **FILED APRIL 09, 2019**

Appellant, David Phillip Piergrossi, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant failed to appeal within the mandatory time limitation. Accordingly, we quash.

The PCRA court aptly summarized the relevant history of the case as follows.

> Following a two day jury trial, [Appellant] was convicted of Count 1 -Robbery, [] Count 3 - Terroristic[] Threats,[] Count 4 -Theft By Unlawful Taking,[] Count 5 -Receiving Stolen Property,[] Count 6 -Possessing an Instrument of Crime[] and Count 9 -Simple Assault[]. On May 5, 2015, [Appellant] received an aggregate sentence of 11-25 years to be served in a State Correctional Facility. [Appellant] did not file any post sentence motions. [Appellant] filed a direct appeal. The Superior Court affirmed the judg[]ment of sentence by Opinion dated May 11, 2016. On November 8, 2016, the Pennsylvania Supreme Court denied Defendant's Petition for Allowance of Appeal. On July 21, 2017, the [Appellant] filed a *pro se* "Petition Under the Post Conviction

Collateral Relief Act (PCRA)" alleging a constitutional violation such that no reliable adjudication of guilt or innocence could have taken place and that he received ineffective assistance of counsel. Robert Adshead, Esquire, was subsequently appointed to serve as PCRA counsel pursuant to an Order issued by [the PCRA] Court on July 26, 2017. In a "no merit" letter dated October 25, 2017, and prepared in accordance with **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), PCRA counsel advised [Appellant] that, in his opinion, [Appellant]is not eligible for the PCRA 142 Pa.C.S.[A.] § 9541 *et seq.* relief alleged in his Petition. By Order of November 22, 2017, [the PCRA] Court notified the [Appellant] of its intention to dismiss the petition without a hearing. On December 17, 2018, the [Appellant]responded to the dismissal notice. On January 9, 2018, [the PCRA] Court issued an Order dismissing the petition without a hearing. The [Appellant] filed a Notice of Appeal, which was docketed February 13, 2018. The envelope accompanying the Notice indicates it was mailed on February 9, 2018.

PCRA Court Opinion, 6/14/18, at 1-3 (footnotes omitted).

Appellant raises four questions on appeal, which we reproduce verbatim:

I.      Was the Appellant ever properly arraigned on this matter in that:

      a. The Bill of information was not signed or filed by the Commonwealth at the time of the Arraignment, and

      b. The Appellant was allowed to proceed *pro se* without the [c]ourt conducting a colloquy to determine if the Appellant could represent himself at the arraignment?

II.     Was Counsel ineffective for allowing arraignment to proceed without objecting to proceedings in that he

      As Mr. Nestor, Esq. failed to object to proceedings [and] ask for arraignment to be rescheduled.

III.    Was counsel ineffective in that she

> a.    Carol Sweeney did not challenge formal [arraignment's] validity at omnibus pre-trial motion[?]
>
> [IV].  Was counsel ineffective in that he
>
> a.    John McMahon, Esq. did not challenge validity of formal arraignment[ ] From Jan. 24, 2013 till Dec. 2014 when he was fired.

Appellant's Brief, at 1-2.[1]

Before we may address the merits of Appellant's issues, we must address the timeliness of this appeal.  Pennsylvania Rule of Appellate Procedure 903(a) provides that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."  Pa.R.A.P. 903(a).

It is well-settled that:

Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace.  This Court can raise the matter *sua sponte,* as the issue is one of jurisdiction to entertain the appeal.  Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal.

***Commonwealth v. Burks****,* 102 A.3d 497, 500 (Pa.Super.2014) (citations omitted).

Here, the record confirms that Appellant's notice of appeal was postmarked February 9, 2018, the 31st day after the entry of the order

---

[1] We note that Appellant's brief is inconsistently paginated.

dismissing his petition. **See** 1 Pa.C.S.A. § 1908.[2]  However, it contains no evidence of extraordinary circumstances such as a court holiday or closing or a breakdown in the operations of the court, which might excuse Appellant's untimely filing.  Based on this record, because Appellant did not timely file his notice of appeal, the PCRA court requests that we quash this appeal.  **See** PCRA Ct. Op., at unnumbered page 1, and 3.  Appellant does not address the issue of quashal in his brief.  This Court lacks jurisdiction to review the merits of his other issues.  **See** Pa.R.A.P. 903(a); **see also Burks**, 102 A.3d at 500.  Accordingly, we quash.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/19

---

[2] Therefore, even applying the prisoner mailbox rule, Appellant's notice was filed beyond the jurisdictional time limit. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).