J-S21026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BOBBY YOUNG | : | |
| | : | |
| Appellant | : | No. 2034 EDA 2018 |

Appeal from the PCRA Order Entered May 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1008162-1997,
CP-51-CR-1008312-1997

BEFORE:  STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 03, 2019**

Bobby Young (Appellant) appeals *pro se* from the order dismissing his petition for writ of *habeas corpus*.  For the reasons that follow, we quash this appeal.

On June 4, 1998, at the docket numbers listed above, a jury found Appellant guilty of three counts each of robbery of a motor vehicle, robbery, possession of an instrument of crime, and criminal conspiracy.  On October 23, 1998, the trial court sentenced Appellant to an aggregate term 12½ to 25 years of incarceration.

This Court affirmed Appellant's judgment of sentence on May 1, 2000, *see Commonwealth v. Young*, 759 A.2d 27 (Pa. Super. May 1, 2000) (unpublished memorandum), and our Supreme Court denied his petition for allowance of appeal on October 2, 2000.  Appellant pursued no further

appeals. Thus, his judgment of sentence became on January 2, 2001.[1] *See* 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S.Sup.Ct.R. 13 (providing that "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review").

In the interim, Appellant filed several unsuccessful petitions pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On April 13, 2017, Appellant filed a petition for writ of *hapeas corpus* in which he challenged the legality of his sentence. The trial court properly treated the *hapeas* petition as an untimely serial PCRA petition. *See Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007) (stating that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment"). On March 19, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On May 29, 2018, the PCRA

---

[1] Ninety days, or December 31, 2000, was a Sunday, and the following day, January 1, 2001, was a legal holiday. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

court formally dismissed Appellant's PCRA petition as untimely because Appellant filed his petition well over one year after his judgment of sentence became final and he did not plead or prove one of the timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b). The order dismissing Appellant's PCRA petition listed both docket numbers that are the subject of this appeal.

Prior to discussing the merits of Appellant's underlying claim, we must first address several procedural defects present in this appeal. On September 18, 2018, this Court issued a rule to show cause directing Appellant to explain why we should not quash the appeal based on our Supreme Court's decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"), and because Appellant did not file his notice of appeal within 30 days of the date of the order dismissing his PCRA petition. *See* Order – Rule to Show Cause, 9/18/18. Appellant's response to the rule to show cause, which was largely nonsensical, failed to address these two procedural issues. *See* Response to Rule to Show Cause, 12/6/18. By order dated February 1, 2019, this Court discharged the rule to show cause and referred these issues to the merits panel. We address each procedural defect in turn.

We begin with the procedural defect relating to *Walker*. The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides, in relevant part:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note. Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Rule 341. ***See, e.g.***, ***In the Interest of P.S.***, 158 A.3d 643, 648 (Pa. Super. 2017) (noting common practice to allow appeals to proceed if the issues involved are nearly identical, no objection has been raised, and the period for appeal has expired).

In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), however, our Supreme Court held – unequivocally – that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case**." ***Id***. at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." ***Id.*** at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date ***Walker*** was filed. ***Id.***

Instantly, we must apply **Walker** because Appellant's notice appeal, which he dated June 29, 2018, was filed after the **Walker** decision. There is no dispute that Appellant only filed one notice of appeal, despite the fact this case involves two docket numbers. Our Supreme Court mandates that Appellant was to file a separate notice of appeal for each lower court docket number. Because Appellant did not do so, and consistent with **Walker**, we are constrained to quash the appeal.

We also note that Appellant's appeal is untimely. "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). As this Court has emphasized:

> Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. . . . Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal.

**Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) (citations omitted). Importantly, with respect to incarcerated *pro se* litigants, "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011).

Here, as in **Burks**, there are no extraordinary circumstances. The PCRA court dismissed Appellant's PCRA petition on May 29, 2018. Under Rule 903(a), Appellant had 30 days, or until June 28, 2018, to file his notice of appeal. Although we are unable to ascertain precisely when Appellant

"delivered his notice of appeal to prison authorities for mailing," Appellant dated the notice of appeal June 29, 2018, and it was postmarked July 2, 2018, leading us to conclude that the appeal was untimely.

Accordingly, because this appeal does not conform with ***Walker*** or Rule 903(a), we are compelled to quash.

Appeal quashed.

Judge Stabile joins the memorandum.

P.J.E. Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/3/19