J-S73019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAMIR H. HUNTER | : | |
| | : | |
| Appellant | : | No. 408 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 1, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004664-2016

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:　　　　　**FILED: FEBRUARY 4, 2020**

Shamir H. Hunter appeals from his judgment of sentence, entered in the Court of Common Pleas of Dauphin County, after a jury convicted him of robbery[1] and second-degree murder.[2] Counsel also seeks to withdraw from her representation on appeal pursuant to **_Anders v. California_**, 386 U.S. 738 (1967) and its progeny. We quash.

Between 12:30 am and 1:00 am on June 19, 2016, the morning after his brother's wedding, the victim, Stephen Esworthy, left Tom Sawyer's bar to head to his brother's house for the evening. Lamar Porter, an eyewitness, testified that upon arriving at his home at around 1:00 am, he witnessed Esworthy walking up Green Street, visibly intoxicated, and he observed Hunter

---

[1] 18 Pa.C.S.A. § 3701(a)(1).

[2] 18 Pa.C.S.A. § 2502(b).

walking up Green Street "wearing his shirt around his neck and [] walking with a stick in his hand." Trial Court Opinion, 5/28/19, at 1-2. After two to three minutes, Porter observed Hunter standing over the victim and going through his pockets before running down Charles Street. The victim was lying face down and was surrounded by pieces of a broken stick. Porter called 911 and provided police with a description of the person he saw flee the scene. Esworthy died as a result of his injuries in the ambulance on the way to the hospital. Several days later, Porter identified Hunter in a photo lineup as the person he had seen on the night of the murder. *Id.* at 2-3.

Surveillance footage from Al's Bar and Midtown Scholar bookstore on the night in question showed Hunter with a shirt wrapped around his neck attempting to break into several vehicles—one of which belonged to a man whose credit cards were found near the scene of Esworthy's murder. Police also viewed Hunter's Facebook page, where he posted on June 19, 2016 at 3:14 am that he had just "caught a stain," a slang phrase for robbery. *Id.* at 4.

Additionally, after being arrested and receiving *Miranda*[3] warnings, Hunter admitted to police that he was breaking into vehicles to steal money for synthetic marijuana. Hunter further explained that when he saw an opportunity to rob Esworthy, he approached Esworthy from behind and hit him in the head with the stick. Doctor Wayne Ross, forensic pathologist,

_____

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

performed Esworthy's autopsy. He testified that Esworthy's injures were the result of being struck in the back of the head, which rendered him unconscious, causing him to fall to the ground face first. *Id.* at 4-6. Sara Harner, laboratory technician, also tested various items collected from the crime scene for DNA evidence and compared them with samples from Hunter and the victim. Harner was able to identify a partial DNA match between Hunter's DNA and DNA found on the wooden stick; she indicated that the probability of randomly matching an unrelated individual to that strand of DNA is "1 in 32 billion from the Caucasian population, 1 in 870 million from the African American population, and 1 in 10 billion from the Hispanic population." *Id.* at 7.

Following a three-day jury trial, Hunter was found guilty of the above-mentioned crimes on April 26, 2017. On June 1, 2017, Hunter was sentenced to life in prison without the possibility of parole. On June 29, 2017, he filed a timely notice of appeal. However, this Court dismissed the appeal on December 21, 2017, due to counsel's failure to file a brief. By order dated January 29, 2019, the trial court reinstated Hunter's appeal rights *nunc pro tunc*, granted him 10 days to file a post-sentence motion, and directed Hunter to file a notice of appeal within 30 days from the date the court ruled on his post-sentence motion. On February 7, 2019, within the 10-day period to file a post-sentence motion, Hunter filed a motion for extension of time to file his post-sentence motion. The trial courted granted a 30-day extension by order dated February 11, 2019. Without ever filing a post-sentence motion, Hunter

filed the instant appeal on March 7, 2019, more than 30 days after the entry of the January 29, 2019 order reinstating his appellate rights. Hunter also submitted a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Hunter challenges the sufficiency of the evidence to establish his guilt beyond a reasonable doubt.

Before we may consider any substantive claims on appeal, however, we must first determine whether Hunter's notice of appeal was properly filed. Specifically, we must consider the timeliness of Hunter's appeal, as it implicates our jurisdiction. **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) (untimely appeal divests this Court of jurisdiction); **Commonwealth v. Yarris**, 731 A.2d 581, 587 (Pa. 1999) (appellate courts may consider the issue of jurisdiction *sua sponte*). The Pennsylvania Rules of Appellate Procedure provide, in relevant part, that "[i]n a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(a); **see also** Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence."). Furthermore, the Rules provide that this Court "may not enlarge the time for filing a notice of appeal." Pa.R.A.P. 105(b).

Hunter had 30 days from the order dated February 11, 2019, to file a post-sentence motion challenging his judgment of sentence. Had counsel filed this motion, Hunter would have had 30 days from the entry of an order

disposing of that motion to file a notice of appeal. As Hunter did not file any post-sentence motion, he had 30 days from the January 29, 2019 order imposing his judgment of sentence to file a timely notice of appeal pursuant to Rule 903(a). Hunter filed the instant appeal on March 7, 2019, over 30 days after the order reinstating his right to appeal *nunc pro tunc*. Accordingly, his notice of appeal is untimely under Pa.R.A.P. 903(a). This Court therefore lacks jurisdiction over this appeal, and we are constrained to quash. ***See Commonwealth v. Green***, 862 A.2d 613, 618 (Pa. Super. 2004) (appellate court must quash appeal for lack of jurisdiction where post-sentence motion and notice of appeal were untimely).

Appeal quashed. Petition to withdraw as counsel denied as moot.[4]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/04/2020

_____

[4] Because we are without jurisdiction to consider the substantive claims in this appeal pursuant to ***Burks***, ***supra***, we are similarly unable to determine if Hunter's appeal is wholly frivolous. Accordingly, we deny counsel's petition to withdraw as moot.

- 5 -