J-S58042-14

2014 PA Super 230

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELISE MARIE BURKS | |
| Appellant | No. 722 WDA 2014 |

Appeal from the Judgment of Sentence March 21, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000893-2007;
CP-02-CR-0005841-2007; CP-02-CR-0008288-2006

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

OPINION BY GANTMAN, P.J.:                    **FILED OCTOBER 10, 2014**

Appellant, Elise Marie Burks, appeals *nunc pro tunc* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following revocation of her probation.  We dismiss this appeal as untimely.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On November 26, 2007, [Appellant] pled guilty at [No. 8288 of 2006], to one count of retail theft, one count of possession of altered, forged, or counterfeit documents or plates, two counts of receiving stolen property, one count of possession of marijuana, one count of possession of drug paraphernalia, [and] one count of criminal conspiracy (to engage in retail theft).  [Appellant] pled guilty at [No. 0893 of 2007], to five counts of felony retail theft, one count of criminal conspiracy (to engage in retail theft), [and] one count of possessing instruments of crime. [Appellant] pled guilty at [No. 5841 of 2007], to one count

_____

*Retired Senior Judge assigned to the Superior Court.

of retail theft. On November 26, 2007, after accepting [Appellant's] guilty plea at the above-captioned matter[s], [the trial court] imposed an aggregate sentence of time served, followed by a consecutive five years of probation.

[Appellant] committed subsequent retail thefts…. On October 24, 2012, this [c]ourt revoked [Appellant's] probation at all of the above cases and imposed an aggregate sentence of 18 months of intermediate punishment followed by 1 year of probation. [Appellant] was further ordered to submit to random urinalysis and "must complete all treatment recommended by the drug court treatment team" and participate in the criminality group. [Appellant] was admitted into the Drug Court program, and this [c]ourt warned [Appellant] that if she violated probation again she would be going to a state prison.

[Appellant] did not cooperate with the drug court program….

\* \* \*

[Appellant's] probation was revoked by this [c]ourt on March 21, 2013.[1] This [c]ourt resentenced [Appellant] to incarceration for 16 to 32 month[s] at [No. 5841 of 2007], plus a consecutive 1 to 2 years at both [No. 8288 at 2006] and [No. 0893 of 2007], for an aggregate sentence of 40 to 80 months of incarceration. [Appellant] filed a *pro se* post-sentence motion on April 10, 2013.

[Appellant] filed a timely Post-Conviction Relief Act[2] petition (PCRA Petition) on July 9, 2013. This [c]ourt appointed counsel, who filed an Amended PCRA petition on November 26, 2013, requesting reinstatement of [Appellant's] post-sentencing and appellate rights. … This [c]ourt scheduled a PCRA hearing. On March 26, 2014,

---

1 The court conducted a **Gagnon II** hearing that day. **See Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

2 42 Pa.C.S.A. §§ 9541-9546.

this [c]ourt reinstated [Appellant's] post-sentencing/appellate rights *nunc pro tunc*…. [Appellant] filed a post-sentence motion on April 3, 2014, which this [c]ourt denied on April 15, 2014.

On May 2, 2014, [Appellant] filed a notice of appeal…and [voluntary] Concise Statement of [Errors] Complained of on Appeal[, pursuant to Pa.R.A.P. 1925(b)].

(Trial Court Opinion, filed June 26, 2014, at 1-3) (internal citations to the record omitted).

Appellant raises a single issue for our review:

DID THE TRIAL COURT ERR IN DENYING APPELLANT'S POST SENTENCING MOTIONS SINCE THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO AN AGGREGATE SENTENCE OF 40-80 MONTHS['] ($3\frac{1}{3}$ TO $6\frac{2}{3}$ YEARS[']) IMPRISONMENT (16-32 MONTHS AT 5841-2007, A CONSECUTIVE 1-2 YEARS AT 893-2007 AND A CONSECUTIVE 1-2 YEARS AT 8288-2006) SINCE THE AGGREGATE SENTENCE WAS MANIFESTLY EXCESSIVE (THE SENTENCES COULD HAVE BEEN RUN CONCURRENT TO ONE ANOTHER), AND THE TRIAL COURT FAILED TO CONSIDER ALL OF THE FACTORS CONTAINED AT 42 PA.C.S.A. §§ 9721(B) & 9781(D)?

(Appellant's Brief at 3).

As a preliminary matter, we address the timeliness of this appeal. Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures and appeals. *See* Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). *See* Pa.R.Crim.P. 720 *Comment*. Rule 708(E) states: "A motion to modify a

- 3 -

sentence imposed after a revocation shall be filed within 10 days of the date of imposition. **The filing of a motion to modify sentence will not toll the 30-day appeal period**." Pa.R.Crim.P. 708(E) (emphasis added). Rule 708 makes clear Rule 720 does not apply to revocation cases. *Id. Comment*. *See also Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa.Super. 2003) (internal citation omitted) (stating: "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is [imposed], regardless of whether…she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied").

Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Valentine*, 928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. *Id.* Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. *Commonwealth v. Patterson*, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

Instantly, the court revoked Appellant's probation and resentenced Appellant on March 21, 2013. Appellant did not file a post-sentence motion or direct appeal at that time. In her amended PCRA petition filed on

November 26, 2013, Appellant asked the court to reinstate her post-sentence and appeal rights *nunc pro tunc*. The court reinstated Appellant's post-sentence and appeal rights *nunc pro tunc* on Wednesday, March 26, 2014.[3] Rule 708 governed Appellant's direct appeal rights from the judgment of sentence following revocation of her probation. Rule 708 continued to govern Appellant's post-sentence motions and/or appeal rights, even when they were reinstated *nunc pro tunc* via a PCRA petition. Although Appellant filed a post-sentence motion *nunc pro tunc* on April 3, 2014, that filing did not toll the thirty-day appeal period. *See* Pa.R.Crim.P. 708(E). Therefore, Appellant had until Friday, April 25, 2014, to file a notice of appeal, regardless of whether she chose to file a post-sentence motion. *See id.* Appellant did not file her notice of appeal until Friday, May 2, 2014.

Moreover, the record contains no evidence of extraordinary circumstances such as a court holiday or closing or a breakdown in the operations of the court, which might excuse Appellant's untimely filing.[4] *See Commonwealth v. Braykovich*, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996) (extension of filing

---

[3] The order is incorrectly dated March 26, **2013**.

[4] The court order correctly stated: "[Appellant] has ten (10) days from the date of this Order to file Post Sentencing Motions and/or thirty (30) days to file a Notice of Appeal." (Order of Court, issued 3/26/14). Additionally, the court denied Appellant's post-sentence motion on April 15, 2014. Thus, Appellant still had ten days left, following the court's ruling, to file a timely notice of appeal.

period is permitted only in extraordinary circumstances, such as fraud or some breakdown in court's operation). Therefore, Appellant's failure to file her notice of appeal within thirty days of the order reinstating her direct appeal rights divested this Court of appellate jurisdiction. **See Patterson, supra**; **Parlante, supra**. Accordingly, we dismiss this appeal as untimely.[5]

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014

---

[5] Counsel is directed to notify Appellant immediately of this disposition, so she can take appropriate steps to seek reinstatement of her direct appeal rights. As the case stands before us, we are without authority to overlook the jurisdictional impediment involved in this current appeal.