J-S52017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CAROLYN LEE MELLOTT, | |
| Appellant | No. 1961 WDA 2014 |

Appeal from the Judgment of Sentence of September 2, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-SA-0000047-2013

BEFORE:  SHOGAN, OLSON and WECHT, JJ.

JUDGMENT ORDER BY OLSON, J.:                **FILED NOVEMBER 25, 2015**

Appellant, Carolyn Lee Mellot, appeals from the judgment of sentence entered on September 2, 2014 in the Criminal Division of the Court of Common Pleas of Blair County.  We quash for lack of jurisdiction.

Following a Special Olympics bowling event on February 17, 2013, the Altoona Police Department filed a criminal complaint charging Appellant with defiant trespass, in violation of 18 Pa.C.S.A. § 3503(b)(1)(i), and disorderly conduct, in violation of 18 Pa.C.S.A. § 5503(a)(2).  Both offenses were graded as third degree misdemeanors.  At a preliminary hearing, the Commonwealth agreed to reduce the two misdemeanor charges to non-traffic summary citations.  At the conclusion of a summary trial held before the magistrate judge on April 17, 2013, Appellant was found guilty of both

offenses. Appellant appealed her convictions to the trial court on April 24, 2013.

Appellant proceeded to a trial *de novo* on July 26, 2013. At the conclusion of a bifurcated trial on September 2, 2014, the court found Appellant guilty and directed her to pay a $150.00 fine for her disorderly conduct conviction, together with a fine of $25.00 for her defiant trespass conviction. Appellant filed a motion for post-sentence relief that was denied on October 30, 2014. Thereafter, Appellant filed a notice of appeal on November 26, 2014.

On appeal, Appellant challenges both the sufficiency and the weight of the evidence introduced in support of her disorderly conduct and defiant trespass convictions. Before we examine these claims, however, we address whether Appellant has properly invoked our jurisdiction. **See Com., Dept. of Environmental Protection v. Cromwell Tp., Huntingdon County**, 32 A.3d 639, 646 (Pa. 2011) (question of whether a court has jurisdiction may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*); **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) ("[Superior] Court can raise the [timeliness of an appeal] *sua sponte*, as the issue is one of jurisdiction to entertain the appeal.").

Pursuant to Pa.R.Crim.P. 720(D), "[t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. Pa.R.Crim.P. 720(D). The imposition of sentence immediately following a determination of guilty at the conclusion of the trial

*de novo* shall constitute a final order for purposes of appeal." The comment to Rule 720 confirms that, "[t]he time for appeal in summary cases following a trial *de novo* runs from the imposition of sentence." Pa.R.Crim.P. 720, note. Consequently, Appellant was not permitted by rule to file her post-sentence motion, which was a nullity. More importantly, Rule 720 makes clear that the notice of appeal is due within 30 days of the judgment of sentence, and that the filing of an impermissible post-sentence motion does not toll that time period. **See** Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]"). As such, Appellant's notice of appeal was due on or about October 2, 2014, 30 days after the judgment of sentence. Because it was not filed until November 26, 2014, the notice of appeal was untimely, and our jurisdiction was never properly invoked. **See** Pa.R.A.P. 903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."). In the absence of a timely notice of appeal, we must quash. **See** **Burks**, 102 A.3d at 500 ("[Superior] Court has no jurisdiction to entertain an untimely appeal").

Appeal quashed for lack of jurisdiction.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2015