J-S49011-19
J-S49012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEONALDO RIVERA, | |
| Appellant | No. 2287 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 4, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003965-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEONALDO RIVERA, | |
| Appellant | No. 2288 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 4, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003964-2015

BEFORE: BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 03, 2019**

Appellant, Leonaldo Rivera, appeals from the judgment of sentence of life imprisonment, without the possibility of parole, followed by 7½ to 20

_____

[*] Former Justice specially assigned to the Superior Court.

years' incarceration, imposed in two separate cases, which were consolidated for trial, and which we consolidate for purposes of this appeal. After review, we are compelled to quash these appeals.

A detailed factual recitation is not necessary to our disposition. We only briefly note that the evidence presented at Appellant's jury trial established that he fired multiple shots into a vehicle containing two men, killing one and seriously injuring the other. He was arrested and charged in separate cases relating to each victim. Those cases were consolidated for trial and, on May 4, 2018, the jury convicted Appellant of first-degree murder, aggravated assault, carrying a firearm without a license, and carrying a firearm on a public street or property in Philadelphia. That same day, the court sentenced him to the term set forth *supra*.

On May 12, 2018, Appellant filed a motion for an extension of time to file a post-sentence motion in each case. On May 24, 2018, the court issued an order granting those motions and directing Appellant to file his post-sentence motion(s) on or before July 24, 2018. Appellant did not file a post-sentence motion at either docket number. Instead, on July 24, 2018, he filed separate notices of appeal in each case. The court directed him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied. The court filed a Rule 1925(a) opinion on October 19, 2018.

- 2 -

Appellant filed identical briefs in both appeals before this Court, stating the following three issues for our review:

[I.] Did the trial court commit an abuse of discretion by repeatedly overruling an objection to the admission of the testimony of a witness because such testimony was speculative and hearsay? Did the prejudicial effect of such evidence far outweigh[] any probative value?

[II.] Did the trial court commit an abuse of discretion by overruling an objection to the admission of the identification testimony of a witness because such testimony was speculative and argumentative? Did the prejudicial effect of such evidence far outweigh[] any probative value?

[III.] Did the trial court commit an abuse of discretion by failing to give an instruction to [the] jury to disregard improper argument by the prosecutor[?] The sustaining of the objection without elaboration was inadequate when there was no corresponding instruction[.]

Appellant's Brief at 8 (citations to the record omitted).

Before we may address Appellant's claims, we must *sua sponte* determine if we have jurisdiction over his appeals. ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014) (stating that this Court may *sua sponte* address issues implicating our jurisdiction to entertain the appeal) (citation omitted). "Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." ***Id.*** (citation omitted). "Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal." ***Id.*** (citation omitted).

"Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures and appeals." ***Id.*** at 499 (citing Pa.R.Crim.P. 720). That rule states, in pertinent part: "If the

J-S49011-19

J-S49012-19

defendant does not file a timely post-sentence motion, the defendant's notice of appeal **shall be filed within 30 days of imposition of sentence**...." Pa.R.Crim.P. 720(a)(3) (emphasis added). Here, Appellant did not file a post-sentence motion in either of his two cases, although being granted an extension of time to do so by the trial court. Therefore, the 30-day appeal period was not tolled, and his notices of appeal were due on or before June 4, 2018.[1] Appellant did not file his appeals until July 24, 2018. Consequently, we lack jurisdiction over these untimely appeals, and we are constrained to quash.

Appeals quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19

---

[1] Thirty days after May 4, 2018, was Sunday, June 3, 2018; thus, Appellant had until Monday, June 4, 2018, to file a timely appeal in each case. 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases...shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").