J-S75007-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARC KINGSTON WELLS | |
| Appellant | No. 477 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 26, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0007647-2013
CP-02-CR-0016742-2012

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                                    FILED APRIL 15, 2020

Appellant, Marc Kingston Wells, appeals from his judgment of sentence for various offenses relating to possession of controlled substances and driving under the influence ("DUI").  He argues that the trial court committed an error of law by refusing to give him credit for time served in three halfway houses. We quash this appeal as untimely.

Appellant was charged at CP-02-CR-0016742-2012 ("Case I") with a series of drug-related and DUI offenses[1] that took place on May 24, 2012.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was charged with one count each of Possession with Intent to Deliver a Controlled Substance under 35 P.S. § 780-113(a)(30), Possession of a Controlled Substance under 35 P.S. § 780-113(a)(16), Possession of Marijuana under 35 P.S. § 780-113(a)(31), DUI: Controlled Substance or Metabolite (2d Offense) under 75 Pa.C.S.A. § 3802(d)(1), DUI: Controlled

Appellant was charged at CP-02-CR-0007647-2013 ("Case II") with additional drug-related and DUI offenses[2] arising from events on September 21, 2012.

On June 26, 2013, Appellant entered a negotiated guilty plea in Case I and was sentenced to eighteen months of intermediate punishment followed by twelve months of probation. On August 22, 2013, Appellant entered a negotiated guilty plea in Case II and was sentenced to sixteen months of intermediate punishment followed by twelve months of probation, all running concurrently with the sentence in Case I.

On June 26, 2017, following Appellant's violations of the terms of his intermediate punishment and probation, the trial court revoked his intermediate punishment and probation and resentenced him to twenty-one to forty-two months of incarceration in Case I and to nine to eighteen months of incarceration in Case II, for a total of thirty to sixty months of imprisonment.

_____

Substance - Impaired Ability (2d Offense) under 75 Pa.C.S.A. § 3802(d)(2), DUI: Controlled Substance - Combination Alcohol/Drug (2nd Offense) under 75 Pa.C.S.A. § 3802(d)(3), DUI: Highest Rate of Alcohol (BAC .16+) (2d Offense) under 75 Pa.C.S.A. § 3802(c), DUI: General Impairment (3rd Offense) under 75 Pa.C.S.A. § 3802(a)(1), Intersections Controlled by Signs under 75 Pa.C.S.A. § 3323(a), and Driving While BAC .02 or Greater While License Suspended under 75 Pa.C.S. § 1543(b)(1.1).

[2] Appellant was charged with two counts of Possession with Intent to Deliver a Controlled Substance under 35 P.S. § 780-113(a)(30), one count of Driving While Operating Privilege Suspended or Revoked under 75 Pa.C.S.A. § 1543(b)(1.1)(iii), two counts of Possession of a Controlled Substance under 35 P.S. § 780-113(a)(16), one count of Suspension of Registration under 75 Pa.C.S.A. § 1371, one count of Operation of a Motor Vehicle Without Financial Responsibility under 75 Pa.C.S.A. § 1786(f), and one count of General Lighting Requirements under 75 Pa.C.S. § 4303(b).

The trial court ordered these sentences to run consecutively to a sentence imposed by another judge at CP-02-CR-0008655-2016 ("Case III"). Additionally, the trial court sentenced Appellant to four years of probation in Case II, consecutive to all imprisonment.

On July 7, 2017, counsel for Appellant filed a motion to modify his sentence in Cases I and II. More than thirty days after resentencing, on August 29, 2017, the trial court denied this motion. Appellant requested counsel to appeal the denial of this decision to the Superior Court, but by that point, the appeal period had already expired under Pa.R.Crim.P. 708.[3]

On May 11, 2018, Appellant filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, alleging that his attorney was ineffective for failing to file a direct appeal within thirty days after resentencing. Appellant requested that the trial court "reinstate [his] appellate rights so that he may perfect and file a direct appeal on the June 26, 2017 order . . ." PCRA Petition, 5/11/18, ¶ 27. On June 20, 2018, the trial court issued an order granting Appellant's petition and directing that his "appellate rights are hereby reinstated nunc pro tunc." Order, 6/20/18.

Eight days later, on June 28, 2018, instead of appealing to the Superior Court, Appellant filed a new motion to modify sentence in the trial court seeking credit for time served in his sentences in Cases I and II. Appellant

_____

[3] See Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation [of probation, parole or intermediate punishment] shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period") (emphasis added).

argued in this motion that the judge in Case III had vacated his sentence, and therefore he was entitled to credit in Cases I and II for three time periods previously attributed to his Case III sentence.

On February 26, 2019, the trial court granted Appellant's motion to modify sentence and awarded him credit for time served from July 10, 2013 to August 20, 2013, December 17, 2013 to February 19, 2014, and August 28, 2015 to September 11, 2015.[4]

On March 27, 2019, Appellant filed a notice of appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal: "Whether the Trial Court committed an error of law when it failed to give [Appellant] credit for time spent in an intensive court-ordered drug program when reconsidering his sentence?"[5] Appellant's Brief at 3.

Before addressing this issue, however, we must determine whether this appeal is timely. We construe time limitations for taking appeals strictly and cannot extend them as a matter of grace. Commonwealth v. Banks, 102 A.3d 497, 500 (Pa. Super. 2014). We can raise the timeliness of an appeal sua sponte, because it implicates our jurisdiction to entertain the appeal. Id.

_____

[4] The validity of this order is not before us in this appeal.

[5] Appellant claimed in this argument that he should receive credit for time served in various inpatient programs in late 2013 and from early 2014 through mid-2015 as "time spent in custody" under 42 Pa.C.S.A. § 9760. Appellant's Brief at 11-13. Appellant did not raise this argument during his violation of probation and resentencing hearing on June 26, 2017, in his July 7, 2017 post-sentence motions, or in his June 28, 2018 post-sentence motions.

Absent extraordinary circumstances, we lack jurisdiction to entertain an untimely appeal. Id.

When, as here, the court revokes the defendant's probation and resentences him, the defendant has thirty days from the date of sentencing to appeal his sentence, regardless of whether he files post-sentence motions. Pa.R.Crim.P. 708(E); Banks, 102 A.3d at 500. If the defendant elects to file post-sentence motions following a revocation sentence, he does not receive an additional thirty days to file an appeal from the date the court denies his motion. Id.

This appeal plainly is untimely under Rule 708. The trial court revoked Appellant's probation and Intermediate Punishment and resentenced him on June 26, 2017, making July 26, 2017 the original deadline for appealing to this Court. Counsel for Appellant filed post-sentence motions, and while he was waiting for the trial court to decide them, the appeal period expired under Rule 708(E). In 2018, Appellant filed a PCRA petition seeking reinstatement of his appellate rights nunc pro tunc. On June 20, 2018, the trial court entered an order reinstating Appellant's "appellate rights," making July 20, 2018 his new deadline for appealing. Instead of appealing, Appellant, eight days later on June 28, 2018, filed a second round of post-sentence motions, which, once again, did not toll the appeal deadline. Eight months later, on February 26, 2019, the trial court decided Appellant's post-sentence motions. On March 27, 2019, Appellant finally appealed to this Court, but by then, his appeal was

many months too late. Consequently, we lack jurisdiction to entertain this appeal.

It appears that Appellant interpreted the June 20, 2018 order as (1) reinstating both his right of appeal and his right to file a post-sentence motion to modify, and (2) extending the deadline for appeal until thirty days after the order deciding the motion to modify. These constructions are incorrect. Our Supreme Court has held that an order granting a PCRA petitioner leave to file a notice of appeal nunc pro tunc does not automatically confer an additional right to file post-sentence motions nunc pro tunc. Commonwealth v. Liston, 977 A.2d 1089, 1094 (Pa. 2009). Liston observed that a PCRA petitioner is free to request leave to file post-sentence motions nunc pro tunc, and the PCRA court can grant leave in appropriate circumstances, but this form of relief is separate and apart from reinstatement of appellate rights. Id. at 1094 n.9. A mere request to reinstate appellate rights does not implicitly include a request for leave to file post-sentence motions. Id. Here, Appellant's PCRA petition only requested reinstatement of his "appellate rights," and the trial court's order only reinstated his "appellate rights" nunc pro tunc. The order did not authorize him to file post-sentence motions and consequently, Appellant had to file a notice of appeal within 30 days, or by July 20, 2018. Appellant allowed this appeal period to expire by filing a post-

sentence motion to modify and waiting until early 2019 for the trial court to decide the motion.[6]

Even assuming arguendo that the June 20, 2018 order permitted Appellant to file a post-sentence motion to modify nunc pro tunc, he still would have had to appeal to this Court within thirty days, or by July 20, 2018. The trial court imposed the underlying sentence after it revoked his probation and intermediate punishment. The filing of a motion to modify following revocation and resentencing "[does] not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). Appellant's failure to appeal until March 27, 2019 likewise, rendered his appeal untimely.

For these reasons, we quash this appeal as untimely.

Appeal quashed.
Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/2020

_____

[6] Even if Appellant's post-sentence motions were properly before the trial court, the court's failure to decide the June 28, 2018 motions within 120 days deemed the motions denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a). Appellant would have been required to file his notice of appeal within 30 days from the expiration of that time to perfect a timely appeal to this Court. Pa.R.Crim.P. 720(A)(b). His March 27, 2019 notice of appeal would have been too late.