J-S47015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NATHAN BLAZE MILLS | |
| Appellant | No. 830 MDA 2020 |

Appeal from the Judgment of Sentence Entered April 2, 2020
In the Court of Common Pleas of the 39th Judicial District
Franklin County Branch
Criminal Division at No.: CP-28-CR-0001477-2017

BEFORE: STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 10, 2021**

Appellant Nathan Blaze Mills appeals from the April 2, 2020 judgment of sentence entered in the Court of Common Pleas of the 39th Judicial District, Franklin County Branch ("trial court"), following the revocation of his intermediate punishment. Upon review, we quash.

Briefly, on March 27, 2019, in connection with a fentanyl-related overdose death, Appellant pled guilty to involuntary manslaughter (18 Pa.C.S.A. § 2504(a)) and unlawful delivery of a schedule II controlled substance (35 P.S. § 780-113(a)(30)). On the same day, the trial court sentenced Appellant to, *inter alia*, 36 months' intermediate punishment. Appellant also was directed to enroll in the Good Wolf Treatment Court

_____

[*] Retired Senior Judge assigned to the Superior Court.

program and to comply with the program's rules and conditions. Following Appellant's multiple violations of the rules and conditions, a *Gagnon I*[1] hearing was held on January 30, 2020, at which Appellant voluntarily stipulated to the violations. At the hearing, Appellant also waived his right to a *Gagnon II* hearing. On April 2, 2020, the trial court resentenced Appellant to an aggregate term of 60 to 120 months' imprisonment. On April 16, 2020, Appellant filed a post-sentence motion, challenging only the discretionary aspects of his sentence.[2] On May 20, 2020, the trial court denied the motion.

_____

[1] In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [*Gagnon I*] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [*Gagnon II*] prior to the making of a final revocation decision.

*Id.* at 781-82.

[2] This motion was timely even though Appellant filed it outside the 10-day period for post-sentence motions as provided in Pa.R.A.P. 720(A)(1). At the time the motion was filed, a judicial emergency was in effect in this Commonwealth related to the COVID-19 pandemic. Specifically, pursuant to the Pennsylvania Supreme Court's April 1, 2020 Judicial Emergency Order, **any legal papers or pleadings** that are required to be filed between March 19, 2020 and April 30, 2020 shall be deemed to have been timely filed if they are filed by May 1, 2020. The deadline subsequently was modified to May 11, 2020, pursuant to the Supreme Court's April 28, 2020 order. *See In re: Statewide Judicial Emergency*, Nos. 531 and 532 Judicial Administration Docket (Pa. 2020). Instantly, Appellant's post-sentence motion was due by April 13, 2020. Because the due date fell during the judicial emergency, his April 16, 2020 motion was timely. Appellant filed the motion prior to May 11, 2020. Relatedly, we note that the Supreme Court's Judicial Emergency Order

On June 5, 2020, Appellant appealed to this Court. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises two identical issues for our review.

[I.] Whether the imposition of [Appellant's] sentence of total confinement on Count 2, Involuntary Manslaughter, following revocation of probation for a technical parole/probation violation, and not for a new criminal offense, is, on its face, so disproportionate as to implicate the "fundamental norms which underlie the sentencing process?["]

[II.] Whether the imposition of [Appellant's] sentence of total confinement on Count 3, Unlawful Delivery of a Schedule II Substance, following revocation of probation for a technical parole/probation violation, and not for a new criminal offense, is, on its face, so disproportionate as to implicate the "fundamental norms which underlie the sentencing process?["]

Appellant's Brief at 4.

Before addressing the foregoing issues, however, we must determine whether this appeal is timely. We construe time limitations for taking appeals strictly and cannot extend them as a matter of grace. *Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014) (citations omitted). We can raise the timeliness of an appeal *sua sponte*, because it implicates our jurisdiction to entertain the appeal. *Id.* Absent extraordinary circumstances, we lack jurisdiction to entertain an untimely appeal. *Id.*

---

and its subsequent modification did not affect the timeline for filing an appeal. Rather, as discussed *infra*, consistent with the Supreme Court's March 16, 2020, Judicial Emergency Order, this Court issued an order on March 17, 2020, extending by 30 days the timeline for filing a notice of appeal from orders entered between March 17, 2020 and April 17, 2020.

When, as here, a trial court revokes a defendant's sentence of intermediate punishment and resentences him, the defendant has 30 days from the date of the resentencing to appeal the sentence, regardless of whether he files post-sentence motions. Pa.R.Crim.P. 708(E). In **Burks**, we explained:

> Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures and appeals. **See** Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). **See** Pa.R.Crim.P. 720 *Cmt*. Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. **The filing of a motion to modify sentence will not toll the 30–day appeal period.**" Pa.R.Crim.P. 708(E) (emphasis added). Rule 708 makes clear Rule 720 does not apply to revocation cases. **Id. Cmt**.

**Burks**, 102 A.3d at 499-500 (emphasis in original). Thus, if the defendant elects to file post-sentence motions following a revocation sentence, he does not receive an additional 30 days to file an appeal from the date the court denies his motion. **Id.** at 500.

Although we recognize the general impact of the current and ongoing COVID-19 pandemic and its specific effect on the legal profession, we are constrained to conclude that the instant appeal is plainly untimely. As stated, the trial court revoked Appellant's sentence of intermediate punishment and resentenced him to an aggregate term of 60 to 120 months' imprisonment on April 2, 2020. At that time, this Court's March 17, 2020 Administrative Order No. 3 was in effect. That Order, in accordance with the March 16, 2020 Judicial

Emergency Order of the Supreme Court of Pennsylvania,[3] provided in relevant

part:

> C. All timelines imposed by Pennsylvania Rule of Appellate Procedure 903, for appeals from orders entered between March 17, 2020, and April 17, 2020, that would be subject to the Superior Court's jurisdiction, **are EXTENDED by 30 days**. The courts of common pleas are directed to ensure all notices of appeals filed in their courts bear a date stamp of the court's receipt of the notice of appeal, and that each notice of appeal either bears an electronic-filing stamp or is attached to the postmark from the envelope that contained the notice of appeal. Notices of appeal in matters classified as Children's Fast Track, **see** Pa.R.A.P. 102 (relating to definitions), are NOT SUBJECT to this extension[.]

*In re: Statewide Judicial Emergency – Suspension Superior Court of Pennsylvania*, No. 3 Administrative Docket (Pa. Super. filed March 17, 2020) (emphasis added). Because of our Administrative Order, a defendant received an additional 30 days to file an appeal from final orders entered between March 17, 2020, and April 17, 2020. Instantly, the trial court resentenced Appellant on April 2, 2020. As a result, Appellant had until Monday, June 1, 2020 to file a timely appeal. Appellant did not do so.

Here, counsel for Appellant filed a post-sentence motion, and while he was waiting for the trial court to decide the motion, the appeal period expired

---

[3] The Supreme Court's March 16, 2020 Order provided that "President Judges of the Superior Court . . . are authorized . . . [t]o suspend time calculations for the purposes of time computation relevant to court cases or other judicial business, as well as time deadlines, subject to constitutional restrictions[.]" *See In re: General Statewide Judicial Emergency – Authorization for Superior Court and Commonwealth Court*, No. 532 Judicial Administration Docket (March 16, 2020).

under Rule 708(E). As mentioned, the filing of a post-sentence motion will not toll the 30-day appeal period. **See Burks**, **supra**. In other words, when a defendant is resentenced following the revocation of probation, parole or intermediate punishment, the defendant must file a notice of appeal within 30 days regardless of whether he or she chooses to file a post-sentence motion. Here, Appellant did not file his notice of appeal until June 5, 2020, that is 4 days after the June 1, 2020 deadline. Accordingly, we quash this appeal for want of jurisdiction.[4]

Appeal quashed.

Judge Strassburger joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2021

---

[4] Although we express no opinion on the merits of his claims, Appellant may seek relief on collateral review.