J-A13013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NIGEL JOHNSTON | : | |
| | : | |
| Appellant | : | No. 930 WDA 2023 |

Appeal from the PCRA Order Entered July 18, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008386-2020

BEFORE:  OLSON, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: June 20, 2024**

Appellant, Nigel Johnston, appeals from the July 18, 2023 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

On April 6, 2021, Appellant entered a negotiated guilty plea to theft by deception, access device fraud, and conspiracy.  That same day, Appellant was sentenced to an aggregate term of six years' probation.  Appellant did not file a direct appeal; thus, his judgment of sentence became final on May 6, 2021.  **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final, *inter alia*, on expiration of time for seeking review).  On or about June 30,

2022, Appellant filed a *pro se* PCRA petition.[1]  The PCRA court subsequently appointed counsel who, on December 19, 2022, filed an amended PCRA petition on Appellant's behalf.  On June 27, 2023, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, citing

---

[1] Appellant's *pro se* PCRA petition does not appear in the certified record or on the docket.  The PCRA court, however, noted that it was received and dated June 30, 2022.  **See**  PCRA Court Opinion, 11/13/23, at 8.

the untimeliness of Appellant's petition. On July 18, 2023, the PCRA court dismissed Appellant's petition. This appeal timely followed. [2,3]

---

[2] It is well-settled that a notice of appeal must be filed within "30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(b). In the absence of a timely notice of appeal, we must quash. **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) ("[Superior] Court has no jurisdiction to entertain an untimely appeal.").

In this instance, the PCRA court issued an order dismissing Appellant's PCRA petition on July 18, 2023. The trial court docket also indicates that the order was served on Appellant's counsel that day. Appellant then filed a notice of appeal. The trial court docket indicates that Appellant's notice of appeal was filed August 17, 2023, but the trial court timestamp on the notice of appeal is dated August 18, 2023. In light of this discrepancy, we issued a rule to show cause order why the appeal should not be quashed. Appellant's counsel filed a response to the rule to show cause order in which she indicated that she "prepared and e-filed" Appellant's notice of appeal *via* the Unified Judicial System of Pennsylvania's PACFile system on August 17, 2023. Appellant's Response to Rule to Show Cause Order, 9/18/23, at *1 (unpaginated). Appellant's counsel stated that she did so because she was court-appointed to represent Appellant and, as such, was proceeding *in forma pauperis* wherein no filing fees are required. **Id.** Appellant's counsel further stated, however, that, on August 18, 2023, she "discovered" that the notice of appeal was rejected. **Id.** Counsel then contacted the Allegheny County Clerk of Courts to determine the reason for its rejection and was informed that "[n]otices of [a]ppeal normally cannot be filed *via* the PACfile system" because, presumably, there is no way to pay the required filing fee thereon. **Id.** Accordingly, counsel "re-file[d]" Appellant's notice of appeal on August 18, 2023 and was advised that it would be "docketed as having been timely filed." **Id.** Because Appellant's notice of appeal was not officially filed until August 18, 2023, 31 days after the PCRA court dismissed his PCRA petition, it appears untimely.

Importantly, however, this Court recently addressed a substantially similar situation in **Commonwealth v. Shelton**, 2023 WL 5097214 *1, *3-*4 (Pa. Super. Aug. 9, 2023) (non-precedential decision). In particular, counsel for the appellant in **Shelton** "attempted to electronically file the notice of appeal" in a timely manner *via* PACFile but subsequently noticed that it was rejected. **Id.** at *3. Counsel was then informed that "she could not use the PACFile

*(Footnote Continued Next Page)*

- 3 -

Appellant raises the following issues on appeal:

---

system to file the notice of appeal because there was no way to pay filing fees on that system as a privately-retained attorney." ***Id*.** Accordingly, this Court considered whether Shelton's notice of appeal, timely submitted but ultimately rejected, could be considered timely. ***Id*.** In so doing, the ***Shelton*** Court noted that this Court previously considered whether "the failure to file a filing fee require[d] the dismissal of an appeal" in ***First Union Nat. Bank v. F.A. Realty Invs. Corp***., 812 A.2d 719, 723 (Pa. Super. 2002). ***Id*.** at *3. Initially, the ***First Union Nat. Bank*** Court recognized that, pursuant to Pa.R.A.P. 902(b), the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is subject to such action as the appellate court deems appropriate." ***First Union Nat. Bank***, 812 A.2d at 723. Ultimately, the ***First Union Nat. Bank*** Court instructed that the decision to dismiss an appeal based on the "failure to tender the required fee" is discretionary and provided examples of incidents in which dismissal is appropriate. ***Id*.** at 723 (noting that dismissal is appropriate if, *inter alia*, "the filing party unduly delays paying the requisite fee or undue delays seeking leave to appeal *in forma pauperis*"). Based upon the foregoing, as well as the fact that "none of the factors mentioned in ***First Union Nat. Bank*** . . . [made] it appropriate to quash the appeal, the ***Shelton*** Court declined to dismiss the appellant's appeal. ***Shelton***, 2023 WL 5097214 at *5.

We similarly decline to quash Appellant's appeal. We note that, like in ***Shelton***, Appellant's counsel timely submitted a notice of appeal, but it was rejected. In addition, we find it significant that Appellant is proceeding in this appeal *in forma pauperis* and, as such, no filing fee is required. Finally, we note that none of the factors mentioned in ***First Union Nat. Bank*** apply. We therefore decline to quash Appellant's appeal and will consider it to be timely filed.

[3] On August 23, 2023, the PCRA court ordered Appellant to file a Rule 1925(b) statement within 21 days of the docketing of the order, *i.e.*, on or before September 13, 2023. PCRA Court Order, 8/23/23, at *1 (unpaginated). The order also informed Appellant that "[a]ny issues not properly included in the [s]tatement, timely filed and served, shall be deemed waived." ***Id*.** On September 22, 2023, Appellant filed a motion for leave to file a Rule 1925(b) statement *nunc pro tunc*, as well as a substantive Rule 1925(b) statement. The PCRA court issued an order on September 26, 2023 granting Appellant *nunc pro tunc* relief and accepting Appellant's substantive Rule 1925(b) statement "as timely filed." PCRA Court Order, 9/26/23, at *1 (unpaginated).

- 4 -

1. Did the [PCRA] court abuse its discretion in denying [Appellant's] PCRA [p]etition[], as amended, without a hearing on the grounds that it lack[ed] jurisdiction to address the substantive claims because the petition was untimely?

2. Did the [PCRA] court err in denying [Appellant's PCRA petition] without a hearing insofar as [Appellant] raised a meritorious claim that his plea was unknowing and involuntary due to counsel's failure to discuss the merits of filing a motion to suppress evidence, and failure to file a motion to suppress?

Appellant's Brief at 4.

Our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able PCRA court judge, the Honorable Susan F. Evashavik-DiLucente. We conclude that Appellant is not entitled to relief in this case for the reasons expressed in Judge Evashavik-DiLucente's November 13, 2023 opinion. Therefore, we affirm based on Judge Evashavik-DiLucente's

opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach copies of Judge Evashavik-DiLucente's November 13, 2023 opinion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/20/2024

ORIGINAL
Criminal Division
Dept Of Court Records
Allegheny County, PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL DIVISION |
| | : | |
| vs. | : | CP-02-CR-0008386-2020 |
| | : | |
| NIGEL JOHNSTON, | : | [Pa. Super. Ct. # 930 WDA |
| | : | 2023] |
| Defendant | : | |

## OPINION AND ORDER TO TRANSMIT RECORD TO APPELLATE COURT

The Court submits this Opinion And Order To Transmit Record To Appellate

Court in response to Defendant Nigel Johnston's appeal pending in the

Pennsylvania Superior Court at docket number 930 WDA 2023.

### I. Procedural Background

The Commonwealth charged Mr. Johnston by criminal information with

one count of Theft By Deception, one count of Theft Of Leased Property, one

count of Access Device Fraud, one count of Criminal Conspiracy, thirty-three

counts of Identity Theft, and one count of Possession Of A Controlled Substance.

On April 6, 2021, Mr. Johnston appeared before this Court and entered a

negotiated guilty plea to Theft By Deception, Access Device Fraud, and

Conspiracy; all other charges were withdrawn; and Mr. Johnston was sentenced

FILED

2023 NOV 13 AM 9: 38

ALLEGHENY COUNTY
CRIMINAL DIVISION
DEPT OF COURT RECORDS

1

to an aggregate term of six years of probation, among other things. He was not sentenced to a period of incarceration.

Mr. Johnston did not file a post-sentence motion or a direct appeal from his judgment of sentence to the Pennsylvania Superior Court.

By pro se filing dated June 30, 2022, Mr. Johnston, who was living in the State of Florida, sought relief from this Court pursuant to the Post-Conviction Relief Act ("PCRA"). This Court appointed counsel to represent Mr. Johnston, and a counseled Amended Petition For Relief Pursuant To The Post Conviction Relief Act (the "Amended Petition") was filed on December 19, 2022. Therein, Mr. Johnston contended that another jurist from this Court had granted a motion to suppress evidence filed by Mr. Johnston's co-conspirator, Christopher Tyrell; that Mr. Tyrell's case had been *nolle prossed*; and that had Mr. Johnston known the evidence against him could be suppressed like the evidence against Mr. Tyrell and his case *nolle prossed*, he would not have pled guilty in these proceedings. See Amended Petition at 3 The Commonwealth filed an answer to the Amended Petition.

After considering the parties' filings and the record, the Court issued a notice of intent to dismiss the Amended Petition without a hearing as the Court believed Mr. Johnston's request for PCRA relief was untimely, depriving the Court of jurisdiction. By order docketed July 18, 2023, the Court denied the Amended Petition.

Mr. Johnston filed a notice of appeal from the denial of the Amended Petition. Said notice bears a docketing date of August 18, 2023, i.e., it appears to have been filed thirty-one days after the Amended Petition's denial. The Court ordered Mr. Johnston to file a Pa.R.A.P. 1925(b) statement, which he did and which this Court deemed to be timely filed.

## II. Factual Background

During his guilty plea proceeding, Mr. Johnston stipulated that the facts set forth in the affidavit of probable cause attached to the criminal complaint formed a factual basis for Mr. Johnston's guilty plea. Among other things, said affidavit states:

> On November 21, 2018 at approximately 0021 hours Officer Rupert observed a black 2019 Kia Optima running with its headlight turned off sitting at a closed gas station. He stopped and approached the vehicle which had two (2) black males sitting in the front seats. The driver was identified as [Mr.] Johnston and the passenger was identified as Chrisopher Joseph Tyrell. Those individuals have a Florida address and driver's license.
>
> Johnston supplied a rental agreement to the officer showing the vehicle was rented in the name of Aquil Johnston. Both occupants denied that they had a phone number or means to contact Aquil Johnston. The paperwork showed that this vehicle's rental period had expired and it was past due to be returned to Hertz.
>
> Both occupants were removed from the vehicle and Tyrell consented to a search of his person wherein a black wallet was located in his front right pocket and removed. Inside were five (5) different state identification cards. Three (3) of these licenses were confirmed to be counterfeit (including two (2) from

3

South Carolina in the names of Courtney Walker and Curtis Bailey (both with the same driver's license number) and one (1) from Ohio in the name of Justin Palmer), all with Tyrell's picture. Additionally, five (5) Discover Cards with different individuals' names were found in this wallet. Tyrell was taken into custody and placed into the rear of a police vehicle.

Thereafter, Johnston verbally consented to a search of the vehicle. Marijuana seeds were located behind the driver's seat. Johnston identified a black book bag as his wherein drug paraphernalia was located. At that point, the officer stopped his search and requested the assistance of the Penn Hills Police Department's K-9 to do an exterior sweep of the vehicle. The K-9 officer advised that the dog alerted to where book bag was located and also to the trunk. Johnston was also taken into custody.

Both occupants were informed that the vehicle was going to be towed. Brooks Towing removed the vehicle and placed it in a secure location on its property until it could be searched . . . .

Johnston was advised of his waived his Miranda Rights; after waiving those Rights, he told officers that he and Tyrell had smoked marijuana when they had been in Ohio earlier that day and then they drove straight to Plum for an unknown reason. Johnston could not explain why they were sitting in a closed remote gas station parking lot. Both individuals were transported to the [Allegheny County Jail] to be processed.

[A search warrant was obtained for the vehicle, and inside officers found, among other things, marijuana paraphernalia, marijuana, 53 gift cards, 35 Discover cards, photo identification belonging to Mr. Johnston, and three credit cards belonging to Mr. Johnston.]

Also found in the rental vehicle was an Ohio Turnpike toll receipt for $6.25 dated November 20, 2018 at 22:16; only a few hours prior to their encounter with [law enforcement in Pennsylvania]. This verifies Johnston's account to police that the pair drove in from Ohio

4

earlier that night. This toll was paid with a credit card ending in -7027. There was a fraudulent Discover Card found in Tyrell's wallet with the last four digits of -7027.

Some of the Discover Card found in the vehicle and found on Tyrell had white edges. Your Affiant knows through her education, training and experience that the white edges means the cards were not properly printed and is a sign that the cards were fraudulently manufactured.

[Law enforcement] later ran the Discover Cards through a magnetic stripe card reader to compare the embossed account number on the front of the card to the information on the magnetic stripe. [It was learned] that in all instances, the numbers embossed on the front of the cards were different than the numbers that were encoded on the magnetic stripes which confirmed the cards were counterfeit. It should be noted that for all but one of the counterfeit Discover Cards, the last four (4) digits on the front of the card matched the last four (4) digits of the account number encoded on the strip, even though the full account numbers were different. Your Affiant knows by her education, training and experience that this is often done by a fraudster so that the last four (4) digits printed on a receipt will match the embossed number on the front of the card. All of the accounts embossed and encoded on the magnetic strips of the Discover Cards began with the digit sequence 6011 which indicates that they are actual Discover Card credit accounts.

The fraudulent Discover Cards all had 2 names embossed on the front of the card. One of the names on each of the 39 cards was either Curtis Bailey, Courtney Walker or Justin Bailey. These are the same names that were on the three (3) fraudulent driver's licenses found in Tyrell's wallet.

Your Affiant was provided with a list of victim account numbers and 140 fraudulent transactions totaling approximately $49,965.62 associated with these accounts. Discover Card has credited the actual

5

credit account holders' accounts resulting in the business taking the loss.

Your Affiant asserts that Tyrell and Johnston were in possession of counterfeit cards as well as counterfeit IDs. Records from Discover Card indicated that they were utilizing these cards for their own personal benefit.

See 4/6/2021 Guilty Plea/Sentencing Transcript at 3. At the time of his plea and

sentencing, Mr. Johnston admitted that he was pleading guilty to Theft By

Deception, Access Device Fraud, and Conspiracy because he was, in fact,

guilty of those offenses. Id. at 7-9.

## III.    Discussion

Mr. Johnston raises two issues in his Pa.R.A.P. 1925(b) statement:

> A.    Th[is Court] abused its discretion in denying Mr. Johnston's PCRA Petition without a hearing on the grounds that the court lacks jurisdiction to address the substantive claims because the petition is untimely. Mr. Johnston established that his petition was timely filed based on the exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii), that is, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." Mr. Johnston further averred that counsel did not inform him the time requirements for filing a petition under the Post Conviction Relief Act; counsel failed to take steps to withdraw and have new counsel appointed to represent Mr. Johnston in his post-conviction proceedings; and counsel did not file a PCRA petition on Mr. Johnston's behalf, and did not provide him with records needed to file a PCRA until after the time limit for filing a PCRA had expired. Counsel's ineffectiveness per se in completely depriving petitioner of any consideration of his collateral claims, constitutes adequate grounds to permit the filing of a PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii).

6

B.      The [C]ourt erred in denying relief under the PCRA without a hearing insofar as Mr. Johnston raised a meritorious claim that his plea was unknowing and involuntary due to counsel's failure to discuss the merits of filing a motion to suppress evidence, and failure to file a motion to suppress. This claim is cognizable pursuant to the section that allows for relief because of counsel's ineffectiveness. Mr. Johnston asserts that he was prejudiced by counsel's ineffectiveness. Specifically, he would not have pleaded guilty if he had been informed that the facts and relevant caselaw supported grounds for seeking suppression of the evidence, and that if a suppression motion was granted, the Commonwealth would not be able to prove the charges beyond a reasonable doubt. Rather, but for counsel's omissions, Mr. Johnston would have filed a motion to suppress the evidence upon proceeding to trial; the motion would have been granted; and the charges against him ultimately would have been dismissed.

Pa.R.A.P. 1925(b) Statement at ¶ 11 (citations omitted).

Because Mr. Johnston's request for PCRA relief was untimely made, depriving this Court of jurisdiction, the Court now need only address the first issue raised in Mr. Johnston's Pa.R.A.P. 1925(b) Statement. Indeed, to be timely and to properly invoke this Court's jurisdiction, see Commonwealth v. Burton, 936 A.2d 521, 524 (Pa. Super. Ct. 2007), any petition filed under the PCRA must "be filed within one year of the date the [petitioner's] judgement of sentence becomes final, unless the petition alleges and the petitioner proves" an exception to the general one-year filing deadline, see 42 Pa. C.S. § 9545(b)(1). Those exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the

7

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S. §§ 9545(b)(1)(i) – (iii). Any filing invoking an exception set forth above must itself be timely submitted pursuant to 42 Pa. C.S. § 9545(b)(2).

As the foregoing makes clear, the timeliness of a PCRA petition – including whether it meets one of the exceptions provided in 42 Pa. C.S. §§ 9545(b)(1)(i) – (iii) – must be properly pled in the petition itself. Burton, 936 A.2d at 525. Here, Mr. Johnston candidly pled in his Amended Petition that his request for PCRA relief (dated June 30, 2022) was not filed within one year of his judgment of sentence becoming final on May 6, 2021. See Amended Petition at 4-5.

He attempted, however, to invoke one of the three exceptions set forth in 42 Pa. C.S. § 9545(b)(1)(i) – (iii), stating that he learned about what happened in Mr. Tyrell's case in January 2022 and subsequently contacted his plea/sentencing counsel in February 2022 to inquire "about whether he could take any action in order to get his conviction overturned in light of what occurred in Mr. Tyrell's case." In addition, he argued that:

his [request for PCRA relief] was timely filed based upon the exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii),

8

that is, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *See Commonwealth v. Bennett,* 593 Pa. 382, 930 A.2d 1264, 1270 (Pa. 2007) (footnote omitted). Mr. Johnston avers that counsel was ineffective *per se* because counsel did not inform him the time requirements for filing a petition under the Post Conviction Relief Act; counsel failed to take steps to withdraw and have new counsel appointed to represent Mr. Johnston in his post-conviction proceedings; and counsel did not file a PCRA petition on Mr. Johnston's behalf, and did not provide him with records needed to file a PCRA until after the time limit for filing a PCRA had expired. See attached Verification. Counsel's failure to protect Mr. Johnston's post-conviction rights constitutes adequate grounds to permit the filing of the instant PCRA petition beyond the one-year time bar pursuant to subsection 9545(b)(1)(ii). See *Commonwealth v. Peterson,* 192 A.3d 1123, 1125 (Pa. 2018)(counsel's ineffectiveness *per se* incompletely depriving petitioner of any consideration of his collateral claims, constitutes adequate grounds to permit the filing of a PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii)).

Id. at 5.

Mr. Johnston's attempt to invoke 42 Pa. C.S. § 9545(b)(1)(ii) fails. Our courts have made clear that – generally speaking – "counsel's ineffectiveness may not be invoked as a newly-discovered 'fact' for purposes of invoking the subsection 9545(b)(1)(ii) exception." Commonwealth v. Peterson, 192 A.3d 1123, 1129 (Pa. 2018). That general rule, however, "has no application in cases where PCRA counsel's ineffectiveness per se completely forecloses review of collateral claims." Id. at 1130. Indeed, "[i]n cases of involving ineffectiveness per se, subsection (b)(1)(ii) is a limited extension of the one-year time

9

requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control." Id. (quotation marks and citation omitted).

The recognized instances of counsel's ineffectiveness per se that completely foreclose review are "extremely narrow." See id. (quoting Commonwealth v. Rosado, 150 A.3d 425, 427 (Pa. 2018)). They are:

- the failure to file a Pa.R.A.P. 1925(b) statement, resulting in the waiver of all appellate issues and the denial of a defendant's constitutional right to direct appeal, see Commonwealth v. Halley, 870 A.2d 795 (2005);

- the failure to file a requested petition for allowance of appeal, resulting in the denial of a defendant's right to seek review before the Pennsylvania Supreme Court, see Commonwealth v. Libel, 825 A.2d 630 (Pa. 2003);

- the failure to file a requested direct appeal, depriving a defendant his or her right to the same, see Commonwealth v. Lantzy, 736 A.2d 564 (Pa. 1999);

- the filing of an untimely Pa.R.A.P. 1925(b) statement, see Commonwealth v. Burton, 973 A.2d 428 (Pa. Super. Ct. 2009);

- the failure to file an appellate brief, see Commonwealth v. Bennett, 930 A.2d 1264 (Pa. 2007);

- the filing of an appellate brief that raises only waived issues, see Rosado, 150 A.3d at 433; and

- the filing of an untimely first PCRA petition, see Peterson, 192 A.3d at 1132.

Here, Mr. Johnston has not demonstrated that his prior counsel – i.e., plea and sentencing counsel – committed ineffectiveness per se pursuant to the

10

above. Indeed, he does not allege that plea and sentencing counsel became his PCRA counsel such that they could be ineffective with respect to the PCRA. For example, Mr. Johnston does not aver that he retained his plea and sentencing counsel to be PCRA counsel. In fact, he specifically states that after he contacted plea and sentencing counsel about overturning his conviction, he was told he could "seek relief under the [PCRA]" but that they "did not offer to file a petition on [his] behalf." See Amended Petition at Verification; see also id. at Certification at ¶ 4 (prior counsel "did not offer to or file [a PCRA petition] on [Mr. Johnston's] behalf"). Mr. Johnston also did not include any statements from his plea and sentencing counsel whereby they acknowledge that they had, indeed, been retained as PCRA counsel or otherwise agreed to function as such. See Amended Petition at Certification at ¶ 3 (noting that plea and sentencing counsel "would testify that they do not recall whether they told Mr. Johnston about the time limitations for filing a PCRA Petition[,]" not that they had been hired or agreed to be PCRA counsel).

Accordingly, Mr. Johnston has not pled sufficient facts to demonstrate that plea and sentencing counsel were, pursuant to the above "extremely narrow" instances of ineffectiveness per se, ineffective here such that their alleged acts and/or omissions could be used as a newly-discovered "fact" to properly invoke 42 Pa. C.S. § 9545(b)(1)(ii) as an exception to the PCRA's one-year filing deadline. Mr. Johnston's request for PCRA relief was thus untimely. This Court lacked jurisdiction to adjudicate the merits of the same.

11

## III. Conclusion

Based on the above, the denial of Mr. Johnston's Amended Petition should be affirmed. The Department of Court Records, Criminal Division, is thus ordered and directed to transmit the record in the above-captioned matter to the Pennsylvania Superior Court without delay.

BY THE COURT:

Dated: 11 | 13 | 23

_____
Susan Evashavik DiLucente

cc: Ronald M. Wabby, Jr., Esquire
Deputy District Attorney
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219

Suzanne M. Swan, Esquire
310 Grant Street, Suite 820
Pittsburgh, PA 15219

12