J-S12028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                 :            PENNSYLVANIA
                 :
        v.              :
                 :
                 :
CHRISTOPHER R. HALL        :
                 :
      Appellant         :     No. 1816 EDA 2021

Appeal from the PCRA Order Entered May 6, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CP-0001786-2018

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                **FILED MAY 20, 2022**

Christopher R. Hall appeals *pro se* from the order denying his petition for post-conviction relief pursuant to the Post Conviction Relief Act ("PCRA"). We remand for a supplemental Pa.R.A.P. 1925(a) opinion.

On January 10, 2018, Appellant was apprehended outside of a hotel in Montgomery County on an outstanding aggravated assault warrant. *See* N.T. Guilty Plea Hearing – Vol. 1, 6/6/19, at 32. While clearing the hotel room in which Appellant had been staying, police officers and U.S. Marshalls observed drug paraphernalia and smelled burnt marijuana. The officer obtained a search warrant for the room where they recovered a stolen and operable .380 Smith & Wesson firearm, approximately thirteen pounds of marijuana, packaging materials, and various personal items belonging to Appellant. *Id* at 32-33. Appellant was arrested and charged with possessing the firearm, possession with intent to deliver ("PWID") marijuana, and related charges.

Appellant entered a negotiated guilty plea to person not to possess a firearm and PWID. *Id*. at 4, 16-18. In exchange for his plea, the Commonwealth withdrew the remaining charges and agreed to an aggregate sentence of four to eight years of incarceration. *Id*. at 19; *see also* N.T. Guilty Plea Hearing – Vol. 2, 6/10/19, at 10, 57-58. At the hearing, Appellant admitted that he was planning to distribute the marijuana to others and that he had a prior conviction that prohibited him from possessing or owning any firearms. N.T. Guilty Plea Hearing – Vol. 1, 6/6/19, at 32-33. The trial court accepted the plea and entered the agreed-upon sentence. Appellant did not file a post-sentence motion or a direct appeal.

Appellant filed a timely *pro se* PCRA petition, raising multiple claims of trial counsel ineffectiveness for failing to file pretrial motions, advising him to take the plea deal, and for failing to interview the police officers and detectives involved in the execution of the search warrant. *See* PCRA petition, 3/19/20, at 3-13. The PCRA court appointed counsel. However, Appellant requested to proceed *pro se* and was allowed to do so following a *Grazier* hearing. *See* Order, 8/3/20; *see also Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). The Commonwealth filed an answer to Appellant's PCRA petition and Appellant filed a response. Afterwards, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. Appellant filed a response to the Rule 907 notice. On May 6, 2021, the PCRA court dismissed the petition after reviewing Appellant's response. In the dismissal order, the Court advised Appellant that he had the right to appeal

to the Superior Court *pro se* or through privately retained counsel within thirty days. *See* Order, 5/6/21. The order was served on Appellant through certified mail. *Id*.

On May 17, 2021, Appellant mailed a document styled as a "concise statement of matter complained of on appeal pursuant to PCRA." *See* Concise Statement, 5/17/21, at 1. Therein, Appellant listed nine issues he wished to raise on appeal, including a challenge to the PCRA court's decision to deny his petition without a hearing. *Id*. at 1-2. Appellant concluded the filing by certifying that he had sent the concise statement by certified mail to the Montgomery County clerk or courts and the Superior Court Prothonotary. However, it was the PCRA court that received the mailing and sent it to the clerk of courts, where it was docketed. *Id*. at 3.

On August 31, 2021, Appellant filed a *pro se* notice of appeal in which Appellant indicated that this was his second notice of appeal from the order denying his PCRA petition. Appellant explained that he was filing a second notice of appeal because his first was never docketed. Appellant attached proof of service from the United States Postal Service that indicated he had sent mail to the PCRA court judge and the Superior Court in May of 2021. The dates of receipt coincided with the filing of Appellant's concise statement, which Appellant later re-filed in the PCRA court.

We issued rule to show cause why the appeal should not be quashed as untimely. In response, Appellant argued that he had sent his notice of appeal directly to the PCRA court at the time that he submitted his concise statement,

but that the PCRA court judge had "used his discretion and did not file the appeal." *See* Rule to Show Cause Response, 11/9/21. In support of his argument, Appellant attached the same proof of service exhibits that he had included with his notice of appeal. *Id*. Appellant's response was taken under advisement and deferred to this merits panel.

On January 6, 2022, the PCRA court issued its Pa.R.A.P. 1925(a) opinion, in which it opined that Appellant's appeal should be quashed as untimely filed. *See* PCRA Court Opinion, 1/6/22, at 1. The PCRA court explained that it had received Appellant's concise statement within the timeframe that Appellant had to file a timely notice of appeal and had promptly forwarded it to the clerk of courts for filing. *Id*. at 2. However, "a notice of appeal did not accompany [the concise statement] and no notice was forwarded to this [c]ourt from the Superior Court." *Id*. Deeming the appeal untimely, the PCRA court thus did not address the merits of Appellant's claims. Instead, the court noted that it would welcome a remand to prepare a supplemental opinion if we determined that the appeal could proceed. *Id*. at 3 n.4.

Before we consider the seven allegations of error Appellant raises in this Court, we must first address the timeliness of Appellant's notice of appeal, as it implicates our jurisdiction to review his claims. Pursuant to Pa.R.A.P. 903(a), "the notice of appeal. . . shall be filed within [thirty] days after the entry of the order form which the appeal is taken." It is well-settled that the timeliness of an appeal implicates our jurisdiction. *See Commonwealth v.*

- 4 -

*Burks*, 102 A.3d 497, 500 (Pa.Super. 2014) ("Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace.")

Here, the PCRA court denied Appellant's PCRA petition on May 6, 2021. The May 17, 2021 document styled as a concise statement was the only filing received during the thirty-day period. Accordingly, whether the appeal was timely turns on how we construe the May 17, 2021 document.

Rule 904 of our Rules of Appellate Procedure provides a template for appellants to follow in drafting a notice of appeal. In order to qualify as a notice of appeal under Pa.R.A.P. 904, a document must, at a minimum, evince a desire to appeal. In the event of a defective notice of appeal, Pa.R.A.P. 902 allows the court to permit the correction of non-jurisdictional defects where "appropriate." Thus, it encourages appellate courts to remand the matter to the lower court so that the procedural defect may be remedied. This is because "[a] timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) ("nothing practical is achieved by the reflexive quashal of appeal for easily corrected, non-jurisdictional defects"). Accordingly, the rules create a preference for correcting procedurally and substantively defective, albeit timely, notices of appeal so that appellate courts may reach the merits of timely appeals. *See* Pa.R.A.P. 902, Note.

As noted above, the document filed by Appellant on May 17, 2021 was styled as a "concise statement of matter complained of on appeal pursuant to

PCRA." *See* Concise Statement, 5/17/21, at 1. However, within the document Appellant listed nine issues **he wished to raise on appeal**. Additionally, Appellant's first issue referenced the order denying his PCRA petition. *Id*. (arguing that the PCRA court committed reversible error by denying his PCRA petition without a hearing). *Id*. at 1. Thus, despite its incorrect styling, the text of Appellant's May filing undoubtedly should have put the court and the Clerk on notice that Appellant intended to appeal.

Accordingly, the Clerk should have time-stamped Appellant's timely notice of appeal, even assuming it was defective, and then informed Appellant of the errors identified in the filing. The Clerk's failure to do so contravenes the directive in Rule 905(a)(3) of the Rules of Appellate Procedure, requiring the clerk of the lower court to time-stamp notices of appeal immediately upon receipt. For these reasons, we find that Appellant perfected his appeal pursuant to Rule 902 of the Rules of Appellate Procedure, and this Court has jurisdiction over this timely appeal. Since Appellant already remedied the initial defective notice of appeal, we remand so that the PCRA court may issue a supplemental Rule 1925(a) opinion addressing the merits of the issues Appellant wished to raise.

Case remanded with instructions. Panel jurisdiction retained.