J-S03036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN HARTNETT | : | |
| | : | |
| Appellant | : | No. 779 MDA 2025 |

Appeal from the Judgment of Sentence Entered May 13, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004542-2022

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

JUDGMENT ORDER BY LANE, J.:　　　　　　　　**FILED: FEBRUARY 10, 2026**

John Hartnett ("Hartnett") appeals from the judgment of sentence imposed following the revocation of his parole and probation.  We remand for compliance with Pa.R.A.P. 1925.

The certified record in this matter reflects the following.  In 2023, the trial court accepted Hartnett's negotiated guilty plea to aggravated assault — attempts to cause or causes bodily injury to designated individuals ("aggravated assault")[1] stemming from a September 2022 incident in which he assaulted an emergency room medical staff member.  Pursuant to the plea agreement, the trial court sentenced Hartnett to a split sentence: (1) Phase One — eight to twenty-three months of imprisonment; and (2) Phase Two — five years of reporting probation to run concurrent with Phase One.

---

[1] **See** 18 Pa.C.S.A. § 2702(a)(3).

On May 13, 2025, Hartnett appeared before the violation of parole/probation ("VOP") court. At the conclusion of the hearing, the VOP court revoked Hartnett's parole and probation, resentenced him to serve his back time on Phase One, and imposed a concurrent two-to-six-year state sentence on Phase Two, with credit applied to Phase One.

Hartnett timely filed a post-sentence motion on May 22, 2025. The VOP court ordered the Commonwealth to file a response. Before the court ruled on the motion, however, Hartnett filed a notice of appeal on June 12, 2025. The VOP court did not order Hartnett to file a Rule 1925(b) concise statement of errors complained of on appeal.

On July 10, 2025, the VOP court issued a Rule 1925(a) opinion wherein it concluded that Hartnett's appeal was premature because the filing of his timely post-sentence motion operated to toll the appeal period until the trial court decided the post-sentence motion, pursuant to Pa.R.Crim.P. 720. On this basis, the VOP court apparently did not order Hartnett to file a Rule 1925(b) concise statement and instead filed a Rule 1925(a) opinion in which it requested that this Court remand the matter so that it could decide the post-sentence motion. In this Court, Hartnett has filed an appellate brief raising numerous issues pertaining to his revocation sentence.

Notably, Rule 720(A)(2) operates to toll the appeal period when a timely post-sentence motion is filed in relation to an *original* sentence. However, Rule 720 is inapplicable in the VOP context. *See Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014). Instead, as provided by Pa.R.Crim.P.

708(E), the filing of a motion to modify sentence following a sentence imposed after a revocation "will not toll the 30-day appeal period." Thus, in the VOP context, the thirty-day appeal period begins to run upon the imposition of the revocation sentence. As such, if the VOP court does not rule on a post-sentence motion before the expiration of the appeal period, the defendant must file a notice of appeal. *See Burks*, 102 A.3d at 500.

Given the VOP court's misunderstanding of the start of the appeal period following the imposition of a revocation sentence, and given our need for clarification of the issues that Hartnett seeks to raise on appeal and the VOP court's analysis of those issues, we remand for the VOP court to order Hartnett to file a Rule 1925(b) concise statement within ten days of this order. We further direct the VOP court to prepare, within sixty days of this order, a supplemental Rule 1925(a) opinion addressing the merits of the issues raised in Hartnett's concise statement. Upon return of the record to this Court, we direct our Prothonotary to establish a new briefing schedule.

Case remanded with instructions. Jurisdiction retained.